**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**

SIMON FISHER, individually, and on
behalf of all others similarly situated,

      Plaintiff,

vs.

I.C. SYSTEM, INC.; MAH ADVISING,
PLLC; MICHAEL HURCKES; and
IRONCLAD LAW, LLC

      Defendants.

_____/

Case No.: 6:24-cv-1766

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff SIMON FISHER (*hereinafter* "Plaintiff"), by and through his undersigned counsel, brings this lawsuit against Defendants I.C. SYSTEM, INC.; MAH ADVISING, PLLC; IRONCLAD LAW, LLC and MICHAEL HURCKES for their violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (*hereinafter* "FDCPA") and/or the Florida Consumer Collection Practices Act, Florida Statute §559.551 (*hereinafter* "FCCPA"), and additionally on behalf of himself and all those similarly situated, against Defendant I.C. SYSTEM, INC. for its violation(s) of the FDCPA:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, SIMON FISHER is a resident of Volusia County, Florida, is over the age of eighteen (18) years, and is otherwise *sui juris*.

2. Plaintiff is a consumer as defined by § 15 U.S.C. §1692a(3), who incurred the below-described debt for personal, family or household services.

3. Defendant I.C. SYSTEM, INC. is a Minnesota for-profit corporation with its with

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

its principal place of business in St. Paul, Minnesota.   Defendant I.C. SYSTEM, INC.'s  business is the regular collection of debts using the mail and/or telephone, which it regularly does in Volusia County, Florida.

4.      Defendant I.C. SYSTEM, INC.'s regularly seeks to collect debts owed to third parties using the mails, telephone, electronic mail, and text messages which it regularly directs to debtors throughout the United States including in Volusia County, Florida.

5.      Defendant I.C. SYSTEM, INC. is a debt collector as defined by 15 U.S.C. §1692a(6).

6.      Defendant MAH ADVISING, PLLC is a Florida Professional Limited Liability Company with its principal place of business in Tampa, Florida.   Defendant MAH ADVISING, PLLC is a law firm engaged in the practice of law in the state of Florida and elsewhere.

7.      Defendant MICHAEL HURCKES is an attorney licensed to practice law in the State of Florida and the State New York, and who has served as the manager and registered agent of MAH ADVISING, PLLC since its inception in December of 2022.

8.      Defendants MICHAEL HURCKES and MAH ADVISING, PLLC provide legal representation, advice and services to its clients in exchange for the payment of monies.  Where a client has employed Defendants MICHAEL HURCKES and MAH ADVISING, PLLC for legal services that are primary for personal, family or household purposes, the obligations or alleged obligations of the consumer are  "debts" as that term is defined under the FCCPA and the FDCPA.

9.      IRONCLAD LAW, LLC is a limited liability company organized under the laws of the State of New York with its principal place of business located in New York, New York. Defendant IRONCLAD LAW, LLC acquired or is purported to have acquired the right to collect debts that were originally owed or allegedly owed to MAH ADVISING, PLLC.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

10.    The debts that IRONCLAD LAW, LLC acquired or is purported to have acquired from MAH ADVISING, PLLC, including Plaintiff's alleged debt, were allegedly in default at the time IRONCLAD LAW, LLC acquired or is purported to have acquired them.

11.     From the time IRONCLAD LAW, LLC acquired or is purported to have acquired Plaintiff's alleged debt from MAH ADVISING, PLLC it has always treated the debt as if it was in default.

12.    Even after IRONCLAD LAW, LLC acquired or is purported to have acquired Plaintiff's alleged debt from MAH ADVISING, PLLC, MAH ADVISING, PLLC has continued to seek to collect its own debt from Plaintiff, but uses the IRONCLAD LAW, LLC's name when doing so.

13.    Consequently, although MAH ADVISING, PLLC is a "creditor" as that term is defined under 15 U.S.C. §1692a(6), it is also a "debt collector" as defined by 15 U.S.C. §1692a(6).

14.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, 1367(a), 2201, 2202.

15.    Venue is proper in this District under 28 U.S.C. § 1391 because: (i) the conduct from which this cause of action arises occurred in this District; and (ii) Defendants transact business in this District.

16.    At all times herein, the conduct of Defendants, complained of below, occurred in or were directed towards Plaintiff in Volusia County, Florida.

**ALLEGATIONS COMMON TO INDIVIDUAL COUNTS**

17.    In October of 2023 Plaintiff contacted MICHAEL HURCKES and MAH ADVISING, PLLC in search of legal advice and legal representation for personal, family, and household purposes, namely Plaintiff sought legal representation to help him repair aspects of his

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

personal reputation, including his personal reputation for trustworthiness and for financial responsibility.

18.    Plaintiff contacted MAH ADVISING, PLLC and scheduled a free initial consultation with MICHAEL HURCKES over the telephone.  During the consultation, MICHAEL HURCKES and Plaintiff discussed how his legal representation could help Plaintiff improve his reputation which consisted in sending of a demand letter with the goal of modifying or eliminating publicly available statements about Plaintiff that were affecting his personal reputation.

19.    MICHAEL HURCKES informed Plaintiff that he would require an initial retainer fee of $3,000.00 which MICHAEL HURCKES would bill against at a rate of $250.00 per hour, and that if any portion of this retainer was unused at the end of the engagement the balance would be returned to Plaintiff.

20.    MICHAEL HURCKES informed Plaintiff that the full terms of his engagement would be contained in an engagement letter that would be provided to him and that Plaintiff would be required to agree to before his representation would begin.

21.    On October 12, 2023, without sending the engagement letter, MICHAEL HURCKES and MAH ADVISING, PLLC sent Plaintiff an invoice for the initial $3,000.00 deposit.  Shortly thereafter, MICHAEL HURCKES followed up with Plaintiff via text message encouraging him to make the payment.

22.     MAH ADVISING, PLLC offered a variety of payment options for the $3,000.00 retainer, which included financing the initial retainer through an installment loan offered through a third party.  MICHAEL HURCKES encouraged Plaintiff to pay the retainer with the installment loan option even though neither he nor any other representative from MAH ADVISING, PLLC

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

had sent Plaintiff the promised engagement letter and Plaintiff had not yet signed the letter.

23.     On October 12, 2023, Plaintiff applied for the financing offered through the link contained with the invoice Plaintiff received from MAH ADVISING, PLLC and that MICHAEL HURCKES had sent to him via text message.  Shortly thereafter, Plaintiff was approved for the financing and the proceeds from the loan were disbursed to MAH ADVISING, PLLC.

24.     Plaintiff paid MAH ADVISING, PLLC the $3,000.00 with the understanding that this was a refundable retainer and that Plaintiff would periodically receive statements from MAH ADVISING, PLLC and/or MICHAEL HURCKES that reflected the time billed against the $3,000.00 retainer he had paid.

25.     Although MAH ADVISING, PLLC and MICHAEL HURCKES still had not sent Plaintiff the engagement letter, the work on Plaintiff's matter allegedly began.

26.     In the months that followed, Plaintiff repeatedly asked MAH ADVISING, PLLC and MICHAEL HURCKES to provide him the engagement letter or at least a summary of the terms of their agreement, but neither MAH ADVISING, PLLC nor MICHAEL HURCKES provided plaintiff with an agreement or a summary.

27.     MAH ADVISING, PLLC and MICHAEL HURCKES also neglected to provide Plaintiff with regular, periodic statements as promised, but whenever a statement was provided the amounts billed reflected that a large portion of the retainer remained unused.

28.     For example, MAH ADVISING, PLLC's January 18, 2024 invoice reflects a total of $542.50 had been billed to Plaintiff's account and that this amount was charged against the $3,000.00 retainer leaving no balance due at that time.  *See* Exhibit A ("January 18, 2024 Email and Invoice").

29.     MAH ADVISING, PLLC's April 5, 2024 invoice reflects a total of $345.00 billed

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

to Plaintiff's account and that this amount was charged against the $3,000.00 retainer leaving no balance due at that time.  *See* Exhibit B ("April 5, 2024 Email and Invoice").

30.    In various written and oral communications that occurred from October of 2023 through March of 2024, Plaintiff confirmed with MAH ADVISING, PLLC and its representatives that his retainer had not been depleted and that he did not have a balance.

31.    From January of 2024 through March of 2024 Plaintiff repeatedly attempted to contact MICHAEL HURCKES, sending text messages, placing phone calls, and through scheduling phone calls and other meetings through MAH ADVISING, PLLC's online scheduling software, but MAH ADVISING, PLLC repeatedly canceled or rescheduled these meetings unilaterally.

32.    On March 22, 2024, Plaintiff received a telephone call from a representative at MAH ADVISING, PLLC who informed Plaintiff that there was nothing left to do in his matter, and that MICHAEL HURCKES had decided it was not in Plaintiff's best interest to send the demand letter they had discussed in the initial consultation.

33.    Plaintiff became upset and inquired why MAH ADVISING, PLLC and MICHAEL HURCKES had offered to represent him to send the demand the letter if he had never had any intention of sending the demand letter.

34.    On the March 22, 2024 phone call, Plaintiff demanded the return of the remaining portion of his retainer and reminded the representative of MAH ADVISING, PLLC that they had never sent him an engagement letter for him to review and sign, and that he had never seen or signed an agreement with them.

35.    During the March 22, 2024 phone call, MAH ADVISING, PLLC emailed Plaintiff an engagement letter dated October 13, 2024, requesting his electronic signature and agreement.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

36.    Plaintiff immediately reviewed the agreement but refused to sign.  In addition to being back dated and containing a number of obvious errors, the agreement did not reflect the terms discussed during Plaintiff's discussion with MICHAEL HURCKES on October 12, 2023. One material difference was that the engagement letter provided that that the $3,000.00 retainer was non-refundable.

37.    Plaintiff sent the agreement to the representative of MAH ADVISING, PLLC to show the representative that the engagement letter had not been signed.  Plaintiff requested, again, to speak with MICHAEL HURCKES to discuss the engagement letter, the yet-to-be sent demand letter, and the return of the unused portion of his retainer.  *See* Exhibit C ("Unsigned Engagement Letter").

38.    Two more weeks passed without contact from MICHAEL HURCKES, and so on April 8, 2024, Plaintiff contacted the Florida Bar's Attorney/Consumer Assistance Program ("ACAP") in an attempt to resolve their dispute without filing a disciplinary complaint.  Plaintiff contacted ACAP hoping that if ACAP made contact with MICHAEL HURCKES that would encourage him to reach out directly to Plaintiff to resolve their disputes.

39.    Instead, the next contact Plaintiff received from MAH ADVISING, PLLC and MICHAEL HURCKES is an email sent to the Plaintiff on July 13, 2024 at 6:34 a.m. wherein they demand payment for an allegedly past due invoice in the amount of $4,137.00.  *See* Exhibit D ("July 13, 2024 Collection Email and Invoice").

40.    The July 13, 2024 Collection Email and Invoice demands immediate payment and threatens that if payment is not made soon MAH ADVISING, PLLC will be forced to send Plaintiff's account to collections.

41.    Included with the July 13, 2024 Collection Email and Invoice was an invoice dated

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

July 8, 2024, and which had never previously been sent to Plaintiff.

42.     The July 8, 2024 invoice contained billing entries back dated to October 12, 2023 that had not previously been reflected within the invoices Plaintiff had received to date. *Compare* July 13, 2024 Collection Email and Invoice *with* January 18, 2024 Email and Invoice and April 5, 2024 Email and Invoice.

43.     The July 8, 2024 invoice contained billing entries post-dating his March 22, 2024 conversation with MAH ADVISING, PLLC where he had demanded the return of the unused portion of his retainer.  The July 8, 2024 invoice contained billing entries post-dating his April 8, 2024 contact with ACAP. The July 8, 2024 invoice even contained three billing entries from the future, 10/19/2024, 11/02/2024, and 12/06/2024.

44.     The July 8, 2024 invoice reflected $6,250.00 in previously unseen charges which appeared not only to have depleted the $2,112.50 remaining from his initial $3,000 retainer, but also left him with a balance due and outstanding of $4,137.50.

45.     Additionally, even though the July 8, 2024 invoice reflected that "Payment is due upon receipt", in actual fact Plaintiff had not received the invoice until July 13, 2024, the July 13, 2024 email accompanying the invoice reflects that Plaintiff's invoice was "already past due" and would be sent to collections soon if payment was not received soon.

46.     Shortly after receiving the email and invoice in the early morning hours of July 13, 2024, Plaintiff reviewed both the email and the invoice and became extremely upset, angry, anxious, scared, nervous, and emotionally distressed.

47.     At 6:57 a.m. on July 13, 2024, Plaintiff replied to MAH ADVISING, PLLC and MICHAEL HURCKES via email, "You can call me immediately!".

48.     Only minutes later at 7:00 a.m., still in a state of panic and anger, Plaintiff replied

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

to MICHAEL HURCKES directly via email again:

> We do not even have a signed engagement letter
> Statements were never sent showing any work done
> We spoke several times and you said I wasn't even close to my 'retainer'
> I expect a call immediately – from you personally Michael. This is ridiculous

49.    At 7:04 a.m., Plaintiff sends another email, to a different MAH ADVISING, PLLC email inbox demanding to speak with MICHAEL HURCKES.

50.    Later in the day on July 13, 2024, MAH ADVISING, PLLC and MICHAEL HURCKES responded to Plaintiff:

> Hi Simon,
>
> We weren't going to send you a bill, however you went to the bar saying we never contacted you. So we added in all the time we spent on the phone. As you see it significantly exceeds the retainer you paid. Please remit payment at your earliest convenience or we will send your account to collections after 30 days.
>
> Best,
>
> MAH

51.    For weeks following the July 13, 2024 Collection Email and Invoice, Plaintiff attempted to contact MICHAEL HURCKES on multiple occasions, but representatives from MAH ADVISING, PLLC informed Plaintiff that he could not schedule an appointment unless he came current on the invoice.

52.    Less than thirty (30) days from the July 13, 2024 Collection Email and Invoice and subsequent emails demanding payment and threatening collections after 30 days, MAH ADVISING, PLLC and MICHAEL HURCKES referred Plaintiff's debt to I.C. SYSTEM INC. for collections.

53.    On August 2, 2024, I.C. SYSTEM INC. sent Plaintiff a text message attempting to collect the debt referred to them by MAH ADVISING, PLLC.  The text message contained a

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

link to a communication dated August 1, 2024 from I.C. SYSTEM INC. addressed to Plaintiff and seeking to collect a debt. Exhibit E ("August 2, 2024 IC System Text Message"); Exhibit F ("I.C. SYSTEM INC.'s Defective Safe Harbor Validation Notice").

54.    In I.C. SYSTEM INC.'s Defective Safe Harbor Validation Notice they represent themselves as a debt collector and direct Plaintiff to resources published by the Consumer Financial Protection Bureau about the rights given to him under the Fair Debt Collection Practices Act.

55.    In I.C. SYSTEM INC.'s Defective Safe Harbor Validation Notice, I.C. SYSTEM INC. informs Plaintiff that if he writes to them by September 9, 2024, disputing the debt or any portion thereof, that I.C. SYSTEM INC. must stop collection on any amount disputed until they send Plaintiff information that shows Plaintiff owes the debt.

56.    In I.C. SYSTEM INC.'s Defective Safe Harbor Validation Notice, I.C. SYSTEM INC. states that "As of 10/13/2023" Plaintiff owed $4,137.50, that between 10/13/2023 and 8/1/2024 he was charged $0.00 in interest, $0.00 in fees, and that Plaintiff paid or was credited $0.00 toward the debt. In I.C. SYSTEM INC.'s Defective Safe Harbor Validation Notice also states that the amount of debt as of 8/1/2024 was $4,137.50.

57.    On or about August 7, 2024, Plaintiff sent a written dispute to I.C. SYSTEM INC. and notified them that Plaintiff had never executed an engagement letter with MAH ADVISING, PLLC and that Plaintiff did not agree to the terms of any engagement agreement with MAH ADVISING, PLLC. Plaintiff also attaches the July 8, 2024 invoice with his dispute, and the invoice reflects the same past due amount that I.C. SYSTEM INC. claimed was owed through their Defective Safe Harbor Validation Notice. In the dispute Plaintiff also made specific reference to many obvious discrepancies contained on the face of the invoice, including, for

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

example, that some billing entries were dated in the future. *See* Exhibit G ("August 7, 2024 Validation Letter to IC System").

58. On August 16, 2024, MAH ADVISING, PLLC emails Plaintiff informing him that the firm is terminating their representation of Plaintiff. Attached to this email is a disengagement letter dated on May 27, 2024 which demands payment "in no event more than 30 days from the date of this letter" and states that the firm's retainer was "earned upon receipt per Paragraphs 2 and 6" of the unexecuted engagement agreement. *See* Exhibit H ("August 16, 2024 Disengagement Letter from MAH").

59. On August 31, 2024, I.C. SYSTEM INC. responded to Plaintiff's ("August 7, 2024 Validation Letter to IC System, and attached the same unsigned contract and invoice Plaintiff had provided them and which contained the obvious errors. I.C. SYSTEM INC. informed Plaintiff that MAH ADVISING, PLLC had verified Plaintiff's responsibility for payment of the debt and that they would continue their attempts to collect the debt from him. *See* Exhibit I ("August 31, 2024 IC System Validation Response").

60. I.C. SYSTEM INC. did not provide Plaintiff with an updated itemization of the debt, or otherwise correct or clarify any of the information contained in their prior Defective Safe Harbor Validation Notice.

61. From July 13, 2024 through approximately September 13, 2024, MAH ADVISING, PLLC and MICHAEL HURCKES continuously threatened to send Plaintiff's account to collections and to report the debt as past due to all of the credit bureaus and other consumer reporting agencies. *See* Exhibit J ("MAH Advising Collection Communications").

62. In its communication to Plaintiff, MAH ADVISING, PLLC and MICHAEL HURCKES represented to Plaintiff that it was their company policy to report past due accounts

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

to each of the major credit bureaus if the account remained past due for 30 days.

63. MAH ADVISING, PLLC and MICHAEL HURCKES repeatedly threatened to send Plaintiff's account to collections and to report Plaintiff's account to the credit bureaus in an attempt to induce Plaintiff to pay the debt.

64. MAH ADVISING, PLLC and MICHAEL HURCKES knew that Plaintiff reasonably disputed the existence of the debt for a number of reasons, including that Plaintiff had never executed an engagement agreement and that the billing invoices MAH ADVISING, PLLC first sent to Plaintiff on July 18, 2024 contained billing entries from the future, billing entries which predate invoices already paid, and billing entries post dating Plaintiff's request that MAH ADVISING, PLLC and MICHAEL HURCKES cease their legal representation of him in the matter.

65. Even though MAH ADVISING, PLLC and MICHAEL HURCKES knew that Plaintiff reasonably disputed the debt they were seeking to collect, MAH ADVISING, PLLC and MICHAEL HURCKES never informed Plaintiff that if they disclosed information to the bureaus, or any other person, information affecting Plaintiff's reputation for credit worthiness it would also disclose the existence of Plaintiff's dispute of the debt.

66. Although in I.C. SYSTEM INC.'s most recent communications with Plaintiff, it had continued to represent MAH ADVISING, PLLC as both the original and the current creditor for the account. On September 14, 2024 Plaintiff began receiving collection communications purportedly from a new company, IRONCLAD LAW, LLC demanding payment be made to them. *See* Exhibit K ("Ironclad Law Collection Communications")

67. The Ironclad Law Collection Communications threatened to report Plaintiff's account to the credit bureaus if payment was not made.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

68.     The Ironclad Law Collection Communications included invoices, identical to the invoice originally sent to Plaintiff by MAH ADVISING, PLLC but that now demands payment be made to IRONCLAD LAW, LLC.

69.     Although the invoice attached to the Ironclad Law Collection Communications demanded payment be made to IRONCLAD LAW, LLC, in the body of the email included a link to a website where payment would actually be remitted to MAH ADVISING, PLLC.

70.     Although IRONCLAD LAW, LLC was not registered to conduct business in the State of New York until August 26, 2024, and IRONCLAD LAW, LLC has never been registered to conduct business in the State of Florida, the invoices included with the Ironclad Law Collection Communications are back-dated to July 8, 2024.

71.     Even though MAH ADVISING, PLLC and MICHAEL HURCKES knew that Plaintiff reasonably disputed the debt they were seeking to collect, MAH ADVISING, PLLC and MICHAEL HURCKES never informed any third parties that Plaintiff disputed the debt when it communicated information with respect to Plaintiff's debt to those third-parties.

72.     Even though MAH ADVISING, PLLC and MICHAEL HURCKES knew that Plaintiff reasonably disputed the debt they were seeking to collect, MAH ADVISING, PLLC and MICHAEL HURCKES never informed I.C. SYSTEM INC., that Plaintiff disputed the debt.

73.     After MAH ADVISING, PLLC referred Plaintiff's account to I.C. SYSTEM INC. for collections, I.C. SYSTEM INC. has continuously represented to Plaintiff that unless he pays the debt before October 2, 2024 his account will become "credit reportable" and they will report the account as past due with the credit bureaus and other consumer reporting agencies.

74.     Plaintiff maintains an excellent personal financial reputation, reputation for creditworthiness, and reputation for trustworthiness amongst his friends, family, acquaintances

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

and other members of his community that know him personally.  Plaintiff originally sought out legal representation from MAH ADVISING, PLLC and MICHAEL HURCKES to help preserve Plaintiff's public reputation, and to curtail or mitigate damage to Plaintiff's reputation if information affecting his personal reputation ever became public.

75.    Although not his primary reason for acquiring legal representation, Plaintiff was also worried that negative information affecting his personal financial reputation, his reputation for creditworthiness and his reputation for trustworthiness could also effect on his ability to gain employment as financial advisor in the future.  Plaintiff believed and knew that a financial advisor's professional successes were often built on a strong foundation of personal and familial relationships, and that these personal relationships could sometimes, although not always, develop into professional relationships.  If Plaintiff was unable to maintain and preserve his personal reputation for honesty, trustworthiness, and financial credibility amongst his friends, family, acquaintances and other members of his community that know him personally he would struggle in both his personal and his professional life.

76.    Even after Plaintiff was hired as a financial advisor at a Fortune 500, not-for-profit the financial services organization, Plaintiff continued to seek legal assistance and advice from MAH ADVISING, PLLC and MICHAEL HURCKES to help preserve Plaintiff's public reputation, and to curtail or mitigate any damage certain information might have on Plaintiff's personal reputation for creditworthiness.

77.    Plaintiff's spouse is also employed in the financial services industry, and any information reflecting negatively on Plaintiff's personal financial reputation and reputation for creditworthiness could have an impact on her continued employment as well and could cause a great stress on Plaintiff's marriage and family.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

78.     Plaintiff and his spouse are actively saving and planning for the purchase of a home and to grow their family, and Plaintiff believes that maintaining an excellent credit rating is an essential part of achieving these goals.

79.     As a result of I.C. SYSTEM INC., MAH ADVISING, PLLC, IRONCLAD LAW, LLC and MICHAEL HURCKES's foregoing actions, Plaintiff experienced severe emotional distress, anxiety, worry, fear, mental anguish, feelings of hopelessness, loss of enjoyment of life, and other psychological injuries which continue to this day

80.     As a result of I.C. SYSTEM INC., MAH ADVISING, PLLC, IRONCLAD LAW, LLC and MICHAEL HURCKES's foregoing actions, Plaintiff has sought and received treatment from medical professionals for this emotional distress, anxiety, nervousness worry, fear, mental anguish, feelings of hopelessness, loss of enjoyment of life, and other psychological injuries he has sustained, and which continue to this day.

81.     As a result of I.C. SYSTEM INC., MAH ADVISING, PLLC, IRONCLAD LAW, LLC and MICHAEL HURCKES's foregoing actions, Plaintiff has spent a countless number of hours in an attempt to stop or mitigate damage to his personal and professional reputation, including his personal financial reputation and reputation for creditworthiness.

82.     As a result of I.C. SYSTEM INC., MAH ADVISING, PLLC, IRONCLAD LAW, LLC and MICHAEL HURCKES's foregoing actions, Plaintiff suffered economic damages including lost wages and commissions as well as expenses incurred in consulting legal professionals for advice.

83.     Plaintiff has retained the undersigned to represent him in this matter and has agreed to pay a reasonable attorney fee.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST I.C. SYSTEM INC. 15 U.S.C. §1692e

Plaintiffs incorporate by reference paragraphs 1–83 of this Complaint as though fully stated herein.

84.     Defendant I.C. SYSTEM INC. violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) through their use of false, deceptive, and misleading representations and means in connection with the collection of the debt from Plaintiff.

85.     I.C. SYSTEM INC.'s Defective Safe Harbor Validation Notice falsely represented to Plaintiff that on October 13, 2023 Plaintiff owed MAH ADVISING, PLLC $4,137.50

86.     I.C. SYSTEM INC.'s Defective Safe Harbor Validation Notice falsely represented to Plaintiff that on October 13, 2023 Plaintiff owed MAH ADVISING, PLLC $4,137.50.

87.     I.C. SYSTEM INC.'s Defective Safe Harbor Validation Notice falsely represented to Plaintiff that between October 13, 2023 and August 1, 2024 Plaintiff had paid or been credited $0.00 towards the debt even though Plaintiff had originally paid $3,000.00 towards the debt arising from legal services that were supposed to be provided and that amounts from this retainer were periodically disbursed to pay for legal services at various times between October 13, 2023 and August 1, 2024.

88.     The August 31 2024 IC System Validation Response falsely represented to Plaintiff that as of that date he continued to owe MAH ADVISING, PLLC $4,137.50.

89.     The August 31 2024 IC System Validation Response sought to collect amounts it knew were not owed and could not legally be collected from Plaintiff due to the fact that billing entries on the invoice attached to the response were dated in the future.

90.     The August 31 2024 IC System Validation Response sought to collect amounts it

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

knew were not owed and could not legally be collected from Plaintiff due to the October 13, 2023 engagement agreement attached to the response not having been signed or agreed to.

91.    As a result of Defendant I.C. SYSTEM INC.'s foregoing FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

**WHEREFORE,** Plaintiff seeks, individually:

(a) declaratory judgment stating that Defendant's conduct violates the FDCPA;

(b) declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

(c) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(d) costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) such other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST I.C. SYSTEM INC.FLA. STAT. § 559.72

Plaintiffs incorporate by reference paragraphs 1–83 of this Complaint as though fully stated herein.

92.    Defendant I.C. SYSTEM INC., violated Fla. Stat. §559.72(9) by attempting to collect a debt they knew was not legitimate and/or by asserting a legal right they knew to be illegitimate and/or otherwise unlawful.

93.    Plaintiff's underlying debt does not allow for charges to be incurred for services not provided, including services occurring at a future date, after representation has been terminated.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

94.     Even after Defendant I.C. SYSTEM INC. was provided with a copy of the unexecuted engagement agreement and the July 8, 2024 invoice containing the obvious discrepancies, I.C. SYSTEM INC. validated the debt.  Even after Plaintiff informed I.C. SYSTEM INC. that the debt was not legitimate Defendant I.C. SYSTEM INC. due to the absence of an executed, written engagement agreement between him and MAH ADVISING, PLLC and Defendant I.C. SYSTEM INC. continued to assert that they had the right to collect the full amount and that the debt was legitimate.

95.     Defendant I.C. SYSTEM INC., violated Fla. Stat. §559.72(3) by failing to inform Plaintiff that it would disclose the Plaintiff's dispute of the debt in the event that any information affecting Plaintiff's reputation for creditworthiness was going to be disclosed.

96.     As a result of its violations of the FCCPA, Defendant I.C. SYSTEM INC. is liable to Plaintiff for statutory damages, actual damages, costs and attorney's fees.

97.     As a result of Defendant I.C. SYSTEM INC.'s foregoing FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

WHEREFORE, Plaintiff seeks, individually:

(a) declaratory judgment stating that Defendant's conduct violates the FCCPA;

(b) declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

(c) statutory damages pursuant to Fla. Stat. §559.77(2);

(d) costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2);

(e) punitive damages pursuant to Florida law and as permitted under Fla. Stat. §559.77(2),

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

and;

(f)  such other relief the Court deems just and proper.

**COUNT III**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**AGAINST MAH ADVISING, PLLC AND MICHAEL HURCKES,**
**FLA. STAT. § 559.72**

Plaintiffs incorporates by reference paragraphs 1–83 of this Complaint as though fully stated herein.

98.     Defendants MAH ADVISING, PLLC and MICHAEL HURCKES violated Fla. Stat. §559.72(9) by attempting to collect a debt they knew was not legitimate and/or by asserting a legal right they knew to be illegitimate and/or otherwise unlawful.

99.     Defendants MAH ADVISING, PLLC and MICHAEL HURCKES collected amounts and attempted to collect amounts from Plaintiff for legal services that had not been provided or that had not been agreed to.

100.    Defendants MAH ADVISING, PLLC and MICHAEL HURCKES collected amounts and attempted to collect amounts from Plaintiff for legal services it provided after Plaintiff directed all work to cease on his matter.

101.    Defendants MAH ADVISING, PLLC and MICHAEL HURCKES violated Fla. Stat. §559.72(7) by willfully engaging in conduct that could reasonably be expected to abuse or harass Plaintiff.

102.    Defendants MAH ADVISING, PLLC and MICHAEL HURCKES made representations to Plaintiff from October 13, 2023 through March of 2024 that it the $3,000.00 retainer had not been exhausted, but on July 13, 2024 Defendants MAH ADVISING, PLLC and MICHAEL HURCKES sent Plaintiff an invoice dated July 8, 2024 claiming that Plaintiff was past due on his account.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

103.    The July 8, 2024 invoice contained billing entries that pre-date earlier provided bills that did not contain the charges now included in the invoice.

104.    The July 8, 2024 invoice also contained billing entries that occurred in the future and have still not occurred.

105.    Defendants MAH ADVISING, PLLC and MICHAEL HURCKES informed Plaintiff that they were only billing these amounts to him as retaliation for Plaintiff contacting ACAP.

106.    From July 13, 2024, Defendants MAH ADVISING, PLLC and MICHAEL HURCKES sent confusing and contradictory communications to Plaintiff in connection with their attempts to collect the debt from him.

107.    Defendants MAH ADVISING, PLLC and MICHAEL HURCKES sent Plaintiff invoices that demanded payment on receipt, but that also represented that the invoices were already past due.

108.    Defendants MAH ADVISING, PLLC and MICHAEL HURCKES sent Plaintiff a disengagement letter in August of 2024 which was back-dated to May of 2024 but that also demanded payment of past due amounts pursuant to provisions of an engagement letter that Plaintiff had never actually signed or agreed to.

109.    If the disengagement letter had actually been sent in May of 2024 as it was calculated to appear, Plaintiff had not yet received an invoice reflecting an outstanding balance.

110.    Although on repeated occasion since March of 2024, Defendants MAH ADVISING, PLLC and MICHAEL HURCKES had taken the position that Plaintiff had agreed to the terms of an unsigned, engagement letter dated October 13, 2023, beginning on September 10, 2024, Defendants MAH ADVISING, PLLC and MICHAEL HURCKES began taking the position

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

that a new agreement, dated October 12, 2023 is what Plaintiff had actually agreed to.

111. Unlike the October 13, 2023 unsigned engagement letter, the October 12, 2023 agreement contains a check box where Plaintiff is purported to have accepted the terms of the agreement. At no point prior to September 10, 2024 had Plaintiff ever received a copy of this version of an agreement, and Plaintiff never checked a box agreeing to those terms.

112. Defendants MAH ADVISING, PLLC and MICHAEL HURCKES continuously threatened to send Plaintiff's debt to collections and gave Plaintiff conflicting information about the time frame it would do so. For example, although a July 13, 2024 communications with Plaintiff informed him that his account would be placed with a collection agency if payment was not received within 30 days, the account was placed with I.C. SYSTEM, INC. less than thirty days later on August 1, 2024.

113. Defendants MAH ADVISING, PLLC and MICHAEL HURCKES., violated Fla. Stat. §559.72(3) by failing to inform Plaintiff that it would disclose the Plaintiff's dispute of the debt to any third parties it provides with information affecting Plaintiff's reputation for creditworthiness, including the credit bureaus.

114. Defendants MAH ADVISING, PLLC and MICHAEL HURCKES., violated Fla. Stat. §559.72(6) by failing to disclose to third parties, including I.C. SYSTEM, INC. and IRONCLAD LAW, LLC that Plaintiff disputed the debt when it disclosed information to them concerning the debt that they alleged was past due.

115. Defendants MAH ADVISING, PLLC and MICHAEL HURCKES, violated Fla. Stat. §559.72(17) by repeatedly sending communications to Plaintiff attempting to collect the debt and threatening to report the account the credit bureaus between the hours of 9:00 p.m. and 8 a.m. in Plaintiff's local time zone.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

116.    Defendants MAH ADVISING, PLLC and MICHAEL HURCKES emailed Plaintiff in the late evening and early morning hours to demand that he make payments even though he had never given anyone at MAH ADVISING, PLLC or MICHAEL HURCKES permission to contact him during this time.

117.    Plaintiff reviewed the communications either shortly after they arrived in his email inbox or immediately upon waking up in the morning which always occurred prior to 8 a.m. in Plaintiff's local time.

118.    Defendants MAH ADVISING, PLLC and MICHAEL HURCKES failed to disclose to third parties, including I.C. SYSTEM, INC. and IRONCLAD LAW, LLC that Plaintiff disputed the debt when it disclosed information to them concerning the debt that they alleged was past due.

119.    Defendants MAH ADVISING, PLLC and MICHAEL HURCKES knew the conduct in collecting and attempting to collect the debt from Plaintiff was wrongful and that there was a high likelihood Plaintiff would be damaged by their conduct, and in spite of that knowledge Defendants MAH ADVISING, PLLC and MICHAEL HURCKES continued to intentionally pursue their course of conduct.

120.    Defendants MAH ADVISING, PLLC and MICHAEL HURCKES failed to maintain any policies and procedures related to the FCCPA or collecting consumer debts from its clients in conscious disregard of the rights afforded to them under the FCCPA.

121.    Plaintiff informed MAH ADVISING, PLLC and MICHAEL HURCKES on multiple occasions that he was worried about this debt being reported on his credit due to how this might affect the personal reputation for creditworthiness and financial responsibility, but Defendants MAH ADVISING, PLLC and MICHAEL HURCKES choose to capitalize on this

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

information to their advantage in order to exert maximum pressure on Plaintiff.

122.    As a result of its violations of the FCCPA, Defendants MAH ADVISING, PLLC and MICHAEL HURCKES are liable to Plaintiff for statutory damages, actual damages, punitive damages pursuant to Fla. Stat. § 768 *et seq*. and as permitted under Fla. Stat. §559.77(2), costs and attorney's fees.

123.    As a result of Defendant MAH ADVISING, PLLC and MICHAEL HURCKES's foregoing FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

WHEREFORE, Plaintiff seeks, individually:

(a) declaratory judgment stating that MAH ADVISING, PLLC and MICHAEL HURCKES' conduct violates the FCCPA;

(b) declaratory and injunctive relief preventing MAH ADVISING, PLLC and MICHAEL HURCKES' from engaging in the conduct described in this complaint and which violates the FCCPA in the future;

(c) statutory damages pursuant to Fla. Stat. §559.77(2);

(d) costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2);

(e) punitive damages pursuant to Florida law and as permitted under Fla. Stat. §559.77(2), and;

(f) such other relief the Court deems just and proper.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST IRONCLAD LAW, LLC and MAH ADVISING, PLLC 15 U.S.C. §1692e and 15 U.S.C. §1692g

Plaintiffs incorporate by reference paragraphs 1–83 of this Complaint as though fully stated herein.

124. Defendant IRONCLAD LAW, LLC is a law firm that regularly attempts to collect debts due or allegedly due to MAH ADVISING, PLLC through their use of electronic mail, first class mail, and other instrumentalities of interstate commerce which includes sending demand letters and collection notices on behalf of its clients.

125. Shortly after Defendant IRONCLAD LAW, LLC was organized as a New York limited liability company in August of 2024, it acquired or is at least purports to have acquired the right to collect numerous past due debts and allegedly past due debts from MAH ADVISING, PLLC, including Plaintiff's alleged debt.

126. Defendant IRONCLAD LAW, LLC, then began attempting to collect these past due debts and allegedly past due debts by sending consumers email communications and other correspondence demanding payment for the debt.

127. Defendant IRONCLAD LAW, LLC and MAH ADVISING, PLLC violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) through their use of false, deceptive, and misleading representations and means in connection with the collection of the debt from Plaintiff.

128. In the Ironclad Law Collection Communications sent to Plaintiff, IRONCLAD LAW, LLC and MAH ADVISING, PLLC falsely represented to Plaintiff that he owed them $4,137.50 and demanded payment for the same.

129. In the Ironclad Law Collection Communications sent to Plaintiff were signed

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

"MAH Accounting" and directed Plaintiff to make a payment to mahadvising.com/payment, but appeared to come from IRONCLAD LAW, LLC.

130.    In reality the Ironclad Law Collection Communications sent to Plaintiff were actually sent by MAH ADVISING, PLLC  who was using the name IRONCLAD LAW, LLC  to give Plaintiff the appearance that IRONCLAD LAW, LLC was now seeking to collect the debt from Plaintiff when in reality MAH ADVISING, PLLC was continuing to direct and control all of the collection efforts.

131.    Attached to Ironclad Law Collection Communications with Plaintiff was an invoice much like the invoice Plaintiff originally received from MAH ADVISING, PLLC the invoice which included amounts billed for legal services not performed, including entries dated in the future.

132.    While nearly identical to the invoice MAH ADVISING, PLLC had been sending Plaintiff, the invoice now listed the name and address of IRONCLAD LAW, LLC and demanded that payment be remitted there.

133.    The invoice also gives the false impression that IRONCLAD LAW, LLC had performed legal services for Plaintiff even though Plaintiff had never engaged IRONCLAD LAW, LLC to provide legal services or any other type of services to him.

134.    In the Ironclad Law Collection Communications with Plaintiff, IRONCLAD LAW and MAH ADVISING, PLLC, LLC attached an invoice much like the invoice Plaintiff originally received from MAH ADVISING, PLLC which included amounts billed for legal services not performed, including entries dated in the future.

135.    In the Ironclad Law Collection Communications with Plaintiff, IRONCLAD LAW and MAH ADVISING, PLLC, LLC also threatened to report Plaintiffs account to the credit

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

bureaus if payment was not received.

136. Plaintiff has never had any sort of business relationship with IRONCLAD LAW, LLC.

137. IRONCLAD LAW and MAH ADVISING, PLLC sent these communications to Plaintiff regularly, every Saturday since the debt was purportedly assigned, knowing that these amount were not actually owed and that they were disputed.

138. Defendant IRONCLAD LAW, LLC and MAH ADVISING, PLLC violated 15 U.S.C. §1692g through their failure to provide Plaintiff with a notice of the debt and through their failure to provide Plaintiff notice of his rights to dispute the debt with IRONCLAD LAW, LLC after they are purported to have received the right to collect the debt from MAH ADVISING, PLLC.

139. IRONCLAD LAW, LLC and MAH ADVISING, PLLC never sent Plaintiff a pursuant to 15 U.S.C. §1692g with five days of the initial communication sent to Plaintiff purportedly from IRONCLAD LAW, LLC on September 14, 2024.

140. As a result of Defendant IRONCLAD LAW, LLC and MAH ADVISING, PLLC's foregoing FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

**WHEREFORE,** Plaintiff seeks, individually:

 (a) declaratory judgment stating that Defendant's conduct violates the FDCPA;

 (b) declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

(c) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(d) costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) such other relief the Court deems just and proper.

**COUNT V**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**AGAINST IRONCLAD LAW, LLC, FLA. STAT. § 559.72**

Plaintiffs incorporate by reference paragraphs 1–83 of this Complaint as though fully stated herein.

141. Defendant IRONCLAD LAW, LLC violated Fla. Stat. §559.72(17) by communicating with the debtor between the hours of 9 p.m. and 8 a.m. in Plaintiff's time zone without the prior consent of Plaintiff.

142. Defendant IRONCLAD LAW, LLC's Ironclad Law Collection Communications were each sent to Plaintiff between the hours of 9 p.m. and 8 a.m.

143. Plaintiff never provided IRONCLAD LAW, LLC or MAH ADVISING, PLLC consent to communicate with him between the hours of 9 p.m. and 8 a.m.

144. As a result of Defendant IRONCLAD LAW, LLC's foregoing FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

WHEREFORE, Plaintiff seeks, individually:

(a) declaratory judgment stating that Defendant's conduct violates the FCCPA;

(b) declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

(c) statutory damages pursuant to Fla. Stat. §559.77(2);

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

(d) costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2);

(e) punitive damages pursuant to Florida law and as permitted under Fla. Stat. §559.77(2), and;

(f) such other relief the Court deems just and proper.

**INTRODUCTION TO CLASS ACTION CLAIMS AGAINST I.C. SYSTEM INC.**

145. This is a class action on behalf of ordinary people. The purpose of this action and the underlying law is to hold I.C. SYSTEM INC. accountable for the unlawful collection tactics it employs when attempting to collect its debts including its willful non-compliance with the FDCPA and the regulations promulgated by the Consumer Financial Protection Bureau ("CFPB") implementing the FDCPA.

146. The FDCPA prohibits collectors of consumer debts from, among other things, using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

147. Pursuant to the FDCPA and shortly after its initial communication with a consumer, a debt collector is also required to provide a consumer with a written notice containing information about the debt and to inform consumers of certain rights that they have under the FDCPA.

148. The CFPB issued Regulation F, 12 CFR Part 1006, to carry out the purposes of the FDPCA which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses.

149. The class action claim arises from I.C. SYSTEM INC.'s practice of sending communications which it purports to be debt validation notices but which fail to inform consumers

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

of certain rights that they are afforded under the FDCPA, which discourage consumers from seeking verification of the debt, and which are calculated and designed to induce consumers into validating that the original creditor information provided to them is accurate when the consumer never intends to make that representation or when the representation would be false.

## GENERAL CLASS ALLEGATIONS

150.    After I.C. SYSTEM, INC. is assigned the right to collect a consumer debt from a person or company purporting to be an original creditor, I.C. SYSTEM, INC. has a pattern and practice of sending a notice to consumer debtors in substantially the same form as the I.C. SYSTEM INC.'s Defective Safe Harbor Validation Notice attached hereto as Exhibit F.

151.    While the I.C. SYSTEM INC.'s Defective Safe Harbor Validation Notice is similar to the Model Form for Validation Notice included as Appendix B within Regulation F ("Model Safe Harbor Validation Notice"), I.C. SYSTEM, INC. modified the Model Safe Harbor Validation Notice in material respects which are violative of the FDCPA.  The Model Safe Harbor Validation Notice is attached hereto as Exhibit L.

152.    Pursuant to 15 U.S.C. 1692g(a) and 12 CFR §1006.34, within five days of its initial communication with a consumer, I.C. SYSTEM, INC. is required to provide the consumer with a notice of debt which contains validation information about the alleged debt as detailed in 12 CFR §1006.34(c).

153.    Pursuant to 15 U.S.C. 1692g(b), upon the consumer's written request within thirty days of receiving a debt validation notice sent pursuant to 15 U.S.C. 1692g(a), the debt collector must cease collection of the debt until the debt collector provides mails the consumer the name and address of the original creditor.

154.    The validation information detailed in 12 CFR §1006.34(c) includes Consumer-

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

response information as described in 12 CFR §1006.34(c)(4), includes "dispute prompts" as well as an "original-creditor information prompt" and is designed to allow the consumer to respond by requesting verification.

155.    There are material differences in the Consumer-response information section of I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice when compared to the same section of the Model Safe Harbor Validation Notice:

156.    The Model Safe Harbor Validation Notice, which conforms with 12 CFR §1006.34(c)(4), contains a section for Consumer-response information with the headings "How do you want to respond?" and "Check all that apply" which invite the consumer to dispute the aspects of the debt and request that they verify certain information. The "dispute prompts" and "original creditor information prompt" that follow are written from the perspective of the consumer and reflect if the consumer checks any of the boxes the consumer himself is taking the action indicated. These actions include disputing the debt, requesting to be provided with certain information, or even the consumer choose to make a payment. Specifically, the "dispute prompt" in the Model Safe Harbor Validation Notice begins, "I want to dispute the debt because I think...". The "original creditor information prompt" in the Model Safe Harbor Validation Notice states: "I want you to send me the name and address of the original creditor." The optional payment disclosure contained

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

in the Model Safe Harbor Validation Notice, and which is specifically permitted under 12 CFR §1006.34(d)(3), must state, "I enclosed this amount:_____".

157.    Although the Consumer-response information in I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice, appears to be similar to the Model Safe Harbor Validation Notice, I.C. SYSTEM, INC. alters the form in their "original creditor information prompt" in a way that if the consumer uses the form to respond, the consumer could be admitting that the original creditor listed in I.C. SYSTEM, INC.'s notice is actually the consumer's creditor, even when the consumer had no intention of making this representation or admission.

158.    To the extent the response would not be treated as a representation or admission made by the consumer, I.C. SYSTEM, INC.'s alteration of the "original creditor information prompt" in its Defective Safe Habor Validation Notice still misleads consumers into believing that it would, and discourages them from requesting information or validation of the debt.

159.    Like the Model Safe Harbor Validation Notice, I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice contain the headings "How do you want to respond?" and "Check all that apply".

160.    Also like the Model Safe Harbor Validation Notice, I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice contains prompts written from the perspective of the consumer where they can check boxes to indicate will indicate "I want to dispute the debt because I think:…".  Also like the Model Safe Harbor Validation Notice, I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice contains an optional payment disclosure permitted under 12 CFR §1006.34(d)(3).

161.    However, in between the dispute prompts and the optional payment disclosure, and notably unlike the Model Safe Harbor Validation Notice, I.C. SYSTEM, INC.'s Defective Safe

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Habor Validation Notice, the form of the "original-creditor information prompt" is:

**■ The name and address of the original creditor is provided in the notice above.**

162.   Like the Model Safe Harbor Validation Notice, I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice contains headings that state "How do you want to respond?" and "Check all that apply", but where the Model Safe Harbor Validation Notice contains an empty check box to allow the consumer to request I.C. SYSTEM, INC. provide them with the name and address of the original creditor, I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice contains a pre-filled check box with the statement that: "The name address of the original creditor is provided in the notice above."

163.   Both when considered independently, and when considered in the context of the surrounding text and headings, the pre-filled check box and statement give the false appearance that any consumer who returns this form is representing that the name and address of the original creditor was provided to the consumer in the debt collectors notice.

164.   Both the "dispute prompts" immediately preceding the statement as well as the optional payment disclosure made immediately following the statement are written from the perspective of the consumer.

165.   Paradoxically, the pre-filled check box and statement becomes especially misleading whenever a consumer returns the form filling in other appropriate check boxes to indicate that they are disputing the debt. In that instance, the side-by-side check boxes could be used to show a third-party that although the consumer disputes an aspect of the debt, they admit to having a contractual relationship with whoever I.C. SYSTEM, INC. disclosed as the original creditor.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

166.    I.C. SYSTEM, INC. drafted and designed the template for its Defective Safe Habor Validation Notice to deceive consumers into believing its notice was substantially similar to the Model Safe Harbor Validation Notice when in-fact it was materially different.

167.    I.C. SYSTEM, INC. drafted and designed the template for its Defective Safe Habor Validation Notice in order to discourage consumers from disputing the debt with them and to discourage consumers from requesting that I.C. SYSTEM, INC. provide the consumer with the name and address of the original creditor to the consumer via mail.

168.    I.C. SYSTEM, INC. drafted and designed the template for its Defective Safe Habor Validation Notice to decrease the likelihood that a consumer would dispute a debt or request original creditor information which it knew would also require them to halt their collection efforts for a period of time.

169.    I.C. SYSTEM, INC. drafted and designed the template for its Defective Safe Habor Validation Notice so that they could save on the costs that they might incur in providing this requested information to the consumer in a subsequent notice.

170.    I.C. SYSTEM, INC. designed its policies and procedures to give themselves a competitive advantage over other debt collectors whose debt validation notices are substantially similar to the Model Safe Harbor Validation Notice and whose practices otherwise comply with the FDCPA.

171.    Some Class Members that received I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice were so discouraged by the negative effects that using the response form might have on their rights to dispute the debt, that the Class Members choose not to request any additional information from I.C. SYSTEM, INC. even though they would have if the Consumer-response information section had not been misleading.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

172.    Some Class Members that received I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice were forced to spend many minutes of time, as well as their own significant effort, cost and expense to draft their own written disputes when those Class Members would have otherwise spent only seconds of time, and little-to-no effort, cost and expense had the Consumer-response information section in I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice not been misleading.

173.    All Class Members refrained from using the response form contained within the Consumer information section of I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice because the form and substance of the notice was unfair, deceptive, and misleading.

174.    Therefore, Plaintiff brings this suit on behalf of himself and all similarly situated persons who received a communication from I.C. SYSTEM, INC. similar to the Defective Safe Habor Validation Notice, and seeks statutory damages, compensatory damages, attorneys' fees and costs, and all such other and further relief that this Court deems just and proper.

## CLASS ACTION ALLEGATIONS

175.    As such, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Classes of similarly situated individuals defined as follows:

> **FDCPA CLASS: All consumers in the United States to whom I.C. SYSTEM, INC. sent one or more communications in the same or similar form as the Defective Safe Habor Validation Notice sent to Plaintiff, attempting to collect a personal, family, or household debt, within one year of the filing of this action.**

176.    **Class Exclusions:** The following people are excluded from the Classes: 1) any Judge or Magistrate presiding over this action and members of their families; 2) I.C. SYSTEM, INC., I.C. SYSTEM, INC.'s subsidiaries, parents, successors, predecessors, and any entity in

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

which the I.C. SYSTEM, INC. or its parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Classes; 4) the legal representatives, successors, or assigns of any such excluded persons; 5) Plaintiff's counsel and I.C. SYSTEM, INC.'s counsel.

177.    **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Based on information and understanding, I.C. SYSTEM, INC. has sent collection communications that are in the same or similar form as the Defective Safe Habor Validation Notice to thousands of consumers who fall into the definition of the Class. Members of the Classes can be identified, and Class membership ascertained, objectively through Defendant's records.

178.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes in that, Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct and improper collection communications.

179.    **Adequacy Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex consumer protection matters including class actions. Plaintiff has no interest antagonistic to those of the Classes, and I.C. SYSTEM, INC. has no defenses unique to Plaintiff.

180.    **Commonality and Predominance:** There are numerous questions of law and fact common to the claims of Plaintiff and the Class, and those questions go to the heart of the case and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant I.C. SYSTEM, INC. is a "debt collector" under 15 U.S.C.§ 1692a(6);

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

(b) whether the Defective Safe Habor Validation Notice that Defendant I.C. SYSTEM, INC sent to the Plaintiff and the Class is a "communication" under 15 U.S.C. § 1692a(2);

(c) whether Defendant I.C. SYSTEM, INC. failed to comply with 15 U.S.C. 1692g;

(d) whether Defendant I.C. SYSTEM, INC. failed to comply with 15 U.S.C. 1692e;

(e) whether Defendant I.C. SYSTEM, INC. failed to comply with 12 CFR §1006.34;

(f) whether Defendant I.C. SYSTEM, INC. failed to comply with 12 CFR §1006.38;

(g) whether Defendant I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice violates FDCPA.

181. **Superiority & Manageability**: This case is also appropriate for Class certification because Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant I.C. SYSTEM, INC.'s actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant I.C. SYSTEM, INC.'s misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a Class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a Class action presents far fewer management difficulties and provides

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT VI
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692e

Plaintiff reaffirms and realleges the allegations in paragraphs 1–5, 145–181, as if set forth herein in full.

182.    Defendant I.C. SYSTEM, INC. is a "debt collector" as defined by 15 U.S.C. §1692a(6).

183.    Plaintiff and the Class are "consumers" as defined by 15 U.S.C. §1692a(3).

184.    I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice that Defendant I.C. SYSTEM, INC. sent to Plaintiff and Class is a "communication" as defined by 15 U.S.C. § 1692a(2).

185.    Defendant I.C. SYSTEM, INC. sent Plaintiff and other members of the Class a notice in substantially the same form as the I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice attached hereto as Exhibit F.

186.    I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice creates the false impression that the consumer has authorized, approved or is the source of the statement that "The name and address of the original creditor is provided in the notice above." when the consumer never intended to make this representation in violation of 15 U.S.C. §1692e(9).

187.    The false, deceptive, and misleading representations and omissions contained within the Consumer-response information section of Defendant I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice misled Plaintiff and other members of the Class to believe that they did not have the right to request the name and address of the original creditor from I.C. SYSTEM,

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

INC. when this right is expressly given to consumers under FDCPA in violation of 15 U.S.C. §1692e.

188. Defendant I.C. SYSTEM, INC. drafted and designed its Defective Safe Habor Validation Notice to induce consumers, such as Plaintiff and other members of the Class, into representing that the original creditor information I.C. SYSTEM, INC had provided was accurate in violation of 15 U.S.C. §1692e(10).

189. Defendant I.C. SYSTEM, INC. drafted and designed its Defective Safe Habor Validation Notice to discourage consumers, such as Plaintiff and other members of the Class from requesting information including verification of the debt from Defendant I.C. SYSTEM, INC. because the form, structure, and appearance of the statements in the Defective Safe Habor Validation Notice would cause some consumers to fear that by returning the pre-filled form to I.C. SYSTEM, INC. it would give the false impression that they were the original creditor information I.C. SYSTEM, INC. had provided to them in the notice was accurate.  Defendant I.C. SYSTEM, INC.'s use of these false representations and deceptive means violates 15 U.S.C. §1692e.

190. Defendant I.C. SYSTEM, INC. used its Defective Safe Habor Validation Notice, as well as the false, deceptive, and misleading statements contained within the notice, in connection with the collection of debts from consumers, such as Plaintiff and other members of the Class.

191. Defendant I.C. SYSTEM, INC.'s statements and actions were overtly deceptive and misleading.

192. Defendant I.C. SYSTEM, INC. has intentionally, knowingly and repeatedly violated the FDCPA.

193. Defendant I.C. SYSTEM, INC. has deprived Plaintiff and the Class from their

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

statutory right to receive accurate information concerning the alleged debt.

194.    Defendant I.C. SYSTEM, INC. has deprived Plaintiff and the Class from their statutory right to be free from I.C. SYSTEM, INC.'s attempts to collect debts from them until the verification information or original creditor information has been provided to them.

195.    As a result of its violations of the FDCPA, Defendant I.C. SYSTEM, INC.  is liable to Plaintiff and the Class for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff seeks, individually and on behalf of the Class:

(a) certifying this action as a class action as set forth herein and designating Plaintiff as the Class Representative, and the undersigned as Class Counsel;

(b) declaratory judgment stating that Defendant I.C. SYSTEM, INC.'s conduct violates the FDCPA;

(c) declaratory and injunctive relief preventing Defendant I.C. SYSTEM, INC. from sending violative Notices to consumers in the future;

(d) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(e) costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) such other relief the Court deems just and proper.

## COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. 1692g

Plaintiff reaffirms and realleges the allegations in paragraphs 1–5, 145–181, as if set forth herein in full.

196.    Defendant I.C. SYSTEM, INC. is a "debt collector" as defined by 15 U.S.C. §1692a(6).

197.    Plaintiff and the Class are "consumers" as defined by 15 U.S.C. §1692a(3).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

198.    I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice that Defendant I.C. SYSTEM, INC. sent to Plaintiff and Class is a "communication" as defined by 15 U.S.C. § 1692a(2).

199.    Defendant I.C. SYSTEM, INC. sent Plaintiff and other members of the Class a notice in substantially the same form as the I.C. SYSTEM, INC.'s Defective Safe Habor Validation Notice attached hereto as Exhibit F.

200.    The notices Defendant I.C. SYSTEM, INC. sent to Plaintiff and other members of the Class did not contain all the Consumer-response information required by 12 CFR § 1006.34(c)(4)(ii).

201.    To the extent the Consumer-response information required by 12 CFR § 1006.34(c)(4)(ii) is contained somewhere within the notices Defendant I.C. SYSTEM, INC. sent to Plaintiff and other members of the Class, the information was not in a clear and conspicuous form required as required by 12 CFR § 1006.34(d).

202.    Defendant I.C. SYSTEM, INC.'s statements and actions were overtly deceptive and misleading.

203.    Defendant I.C. SYSTEM, INC. has intentionally, knowingly and repeatedly violated the FDCPA.

204.    Defendant I.C. SYSTEM, INC. has deprived Plaintiff and the Class from the statutory right to receive accurate information concerning the alleged debt.

205.    Defendant I.C. SYSTEM, INC. has deprived Plaintiff and the Class from their statutory right to be free from I.C. SYSTEM, INC.'s attempts to collect debts from them until the verification information or original creditor information has been provided to them.

206.    As a result of its violations of the FDCPA, Defendant I.C. SYSTEM, INC.  is liable

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

to Plaintiff and the Class for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff seeks, individually and on behalf of the Class:

(a) certifying this action as a class action as set forth herein and designating Plaintiff as the Class Representative, and the undersigned as Class Counsel;

(b) declaratory judgment stating that Defendant I.C. SYSTEM, INC.'s conduct violates the FDCPA;

(c) declaratory and injunctive relief preventing Defendant I.C. SYSTEM, INC. from sending violative Notices to consumers in the future;

(d) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(e) costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) such other relief the Court deems just and proper.

## **CLASSWIDE PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of the Class, prays for Judgment:

(a) directing Defendant to cease its violations of the FDCPA;

(b) awarding Plaintiff and the Class statutory damages as requested above;

(c) awarding Plaintiff and the Class actual damages as requested above;

(d) awarding Plaintiff and Class attorneys' fees, costs and expenses incurred in this action;

(e) a preliminary and permanent injunction enjoining Defendant from future violations of the FDCPA; and

(f) such other relief this Court deems just and proper.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this <u>30th</u> day of September, 2024.

Respectfully Submitted,

/s/  *Gregory Light*
**GREGORY LIGHT, ESQ.**
Florida Bar No.: 120907
**ANTHONY GONZALEZ, ESQ.**
Florida Bar No.: 119756
LIGHT & GONZALEZ, PLLC
8751 W. Broward Blvd., #206
Plantation, FL 33324
Telephone:    754-900-6545
Fax:              754-203-2700
Email: service@lightgonzalezlaw.com
*COUNSEL FOR THE PLAINTIFF*

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com