**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SIMON FISHER,

        Plaintiff,

v.                                Case No.: 6:24-cv-1766-WWB-EJK

MAH ADVISING, PLLC, IRONCLAD
LAW, LLC, IC SYSTEM, INC. and
MICHAEL HURCKES,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon *sua sponte* review of the record. On November 19, 2024, Defendants MAH Advising, PLLC and Michael Hurckes filed a Counterclaim (Doc. 27). Defendants' counterclaims were not included within an answer and thus far neither have submitted an answer.

Pursuant to Federal Rule of Civil Procedure 13(a), "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party" when the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." As set forth in Rule 7(a), "an answer to a counterclaim designated as a counterclaim" is a pleading, but a counterclaim is not included in the list of permissible pleadings. Fed. R. Civ. P. 7(a). The "limited list" set forth in Rule 7(a) is exhaustive. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014). Therefore, because Defendants' Counterclaim was not included in an

answer and the rules do not permit stand-alone counterclaims to a complaint, the Counterclaim is improper and will be stricken.

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Counterclaim (Doc. 27) is **STRICKEN**.

**DONE AND ORDERED** in Orlando, Florida on December 3, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record