**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**

SIMON FISHER, individually, and on
behalf of all others similarly situated,

       Plaintiff,

vs.

I.C. SYSTEM, INC.; MAH ADVISING,
PLLC;  MICHAEL  HURCKES;  and
IRONCLAD LAW, LLC

       Defendants.

_____/

Case No.: 6:24-cv-1766

JURY TRIAL DEMANDED

## MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AGAINST MAH ADVISING, PLLC, IRONCLAD LAW, LLC AND MICHAEL HURCKES

Plaintiff, SIMON FISHER ("Plaintiff" or "Mr. Fisher"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 65(a) and (b), respectfully requests the entry of a temporary restraining order and preliminary injunction enjoining MAH ADVISING, PLLC, MICHAEL HURCKES and IRONCLAD LAW, LLC from disclosing communications and information protected by attorney-client privilege, from making direct contact with SIMON FISHER for as long as he remains represented by counsel, and from violating the Florida Consumer Collection Practices Act during the course of these pending judicial proceedings.  In support of this motion, the Plaintiff states as follows:

### FACTS

1.    Plaintiff initiated this action on September 30, 2024 by filing his Class Action Complaint [D.E. 1] (*hereinafter* "Complaint") against Defendants I.C. SYSTEM, INC., MAH ADVISING, PLLC, MICHAEL HURCKES (or "Mr. Hurckes"),  and

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

IRONCLAD LAW, LLC for the recovery of damages, attorneys' fees and costs from Defendants (*collectively hereinafter* "Defendants") related to their unfair and abusive consumer collection practices.

2.      Plaintiff's claims against Defendants MAH ADVISING, PLLC, MICHAEL HURCKES, and IRONCLAD LAW, LLC include requests for injunctive relief as allowed by section 559.77(b) of the *Florida Consumer Collection Practices Act*.

3.      As described in further detail below, while it had not been apparent at the inception of the action, it is now clear that a temporary restraining order and a preliminary injunction are necessary to prevent Defendants from causing Mr. Fisher further irreparable harm. *See generally* Fisher Aff.

4.      MAH ADVISING, PLLC is Florida Professional Limited Liability Company Managed by MICHAEL HURCKES and whose business is the rendition of legal services. *See* Exhibit A.

5.      IRONCLAD LAW, LLC is a New York Limited Liability Company and whose business is the rendition of legal services.  IRONCLAD LAW, LLC was first registered with the New York Department of State on August 26, 2024. *See* Exhibit B.

6.      On October 12, 2023, Mr. Fisher consulted with Mr. Hurckes from MAH ADVISING, PLLC to inquire about obtaining legal representation to help Mr. Fisher protect and repair aspects of his personal reputation, financial reputation, and reputation for trustworthiness.  Fisher Aff. ¶2.

7.      On October 12, 2023, Mr. Hurckes informed Plaintiff that he would require an advanced retainer of $3,000.00 which Mr. Hurckes and his law firm MAH ADVISING, PLLC would bill against at a rate of $250.00 per hour.  MICHAEL HURCKES informed

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Plaintiff that any portion of this retainer was unused at the end of the engagement the balance would be returned to Plaintiff.  Fisher Aff. ¶3.

8.      Although neither MAH ADVISING, PLLC nor Mr. Hurckes himself had sent Mr. Fisher a written engagement agreement, later in the day on October 12, 2023, Mr. Hurckes sent Mr. Fisher a text message with a hyperlink to a website that allowed Mr. Fisher to make the $3,000.00 advanced retainer payment.  After researching the different payment options, Mr. Fisher remitted the payment to MAH ADVISING, PLLC that same day.  Fisher Aff. ¶¶5–6, Exh. A.

9.      Mr. Fisher repeatedly requested a written engagement agreement or at least a written summary of the terms of the engagement from Mr. Hurckes and MAH ADVISING, PLLC and he would not receive a written agreement until March 22, 2024. Fisher Aff. ¶¶7–8.

10.     On January 18, 2024, before receiving a written agreement, MAH ADVISING, PLLC sent Mr. Fisher an invoice describing charges for legal services they claimed to have performed from October 19, 2023, through October 30, 2023 and the fees for those services.  Fisher Aff. ¶¶9–10, Exh. B.

11.     As per Mr. Fisher's oral agreement with Mr. Hurckes and MAH ADVISING, PLLC, these charges were paid from the initial $3000 retainer that Mr. Fisher remitted on October 12, 2023.  Accordingly, the invoice did not reflect a balance owing with Mr. Hurckes or MAH ADVISING, PLLC upon the issuance of that invoice.  Fisher Aff. ¶¶9–10, Exh. B.

12.     Mr. Fisher was dissatisfied with Mr. Hurckes and MAH ADVISING, PLLC's services, and so on March 22, 2024 Mr. Fisher contacted MAH ADVISING, PLLC and

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

requested the return of the balance that remained from the $3000 initial retainer he paid. MAH ADVISING, PLLC refused to return the balance of Mr. Fisher's retainer and claimed the payment was non-refundable.  Mr. Fisher disagreed and reminded MAH ADVISING, PLLC that they had never him with provided a written engagement agreement nor had Mr. Fisher ever agreed that the $3,000 retainer was non-refundable. Fisher Aff. ¶11.

13.     Only then did MAH ADVISING, PLLC send Mr. Fisher a written engagement agreement, but after reviewing the agreement Mr. Fisher refused to sign because it was materially different from the terms he had originally agreed to during his October 12, 2023 telephone call with Mr. Hurckes.  Fisher Aff. ¶¶12–14, Exh. C.

14.     On April 5, 2024, MAH ADVISING, PLLC sent Mr. Fisher a second invoice describing charges for legal services they claimed to have performed from March 5, 2024, through March 19, 2024 and the fees for those services.  These charges were also deducted from the $3,000 initial retainer Mr. Fisher had paid.  Fisher Aff. ¶¶15–16, Exh. D.

15.     Having tried unsuccessfully to speak with Mr. Hurckes on multiple occasions since January of 2024, on April 8, 2024, Mr. Fisher enlisted the assistance of the Florida Bar's Attorney Consumer Assistance Program (ACAP) to help encourage Mr. Hurckes to reach out to him.  Fisher Aff. ¶17.

16.     Instead of contacting Mr. Fisher to answer his questions about the legal services, the terms of their engagement, and his demand that the balance of the retainer be returned, on July 13, 2024 MAH ADVISING, PLLC sent Mr. Fisher an email demanding payment of $4,137.50.  Fisher Aff. ¶¶18–20, Exh. E, Exh. F.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

17.     The July 13, 2024 email was sent at 6:34 a.m. and stated that the amount demanded was already "past due". The email threatened that if Mr. Fisher failed to make payment immediately his soon his account would be referred to collections. Fisher Aff. ¶21, Exh. E.

18.     The July 8, 2024 invoice attached to the email reflected $6,250.00 in new charges.  Many charges pre-dated previous invoices. $847 worth of charges were dated for legal services in October, November and December of **2024**, months in the future. These charges not only depleted what remained of the initial $3000 retainer, but left a "past due" balance of $4,137.50.  Fisher Aff. ¶¶22–25, Exh. F.

19.     Since that time, MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC have sought to collect this debt from Mr. Fisher through a relentless and vexatious collection campaign that has continued through the filing of this action and continues to this day.  Fisher Aff. ¶¶18–104, Exhs. E–AB.

20.     Mr. Fisher immediately demanded that Mr. Hurckes contact him to discuss this bill.  In an email Mr. Hurckes responded that the bill was sent in retaliation for Mr. Fisher contacting the Florida Bar. Fisher Aff. ¶¶26–27, Exh. E at 3.

21.     On July 13, 2024, July 27, 2024, August 3, 2024, August 10, 2024, August 17, 2024, August 24, 2024, August 31, 2024, and September 7, 2024 MICHAEL HURCKES and MAH ADVISING, PLLC sent communications to Mr. Fisher between the hours of 9 p.m. and 8 a.m. in an attempt to collect a debt from him.  Fisher Aff. ¶¶21, 33–55, Exhs. E, H, I, J, K, L, M, N, O.

22.     On September 14, 2024, September 21, 2024, September 28, 2024, October 29, 2024, November 9, 2024, and December 10, 2024 MICHAEL HURCKES,

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

MAH ADVISING, PLLC and IRONCLAD LAW, LLC sent communications to Mr. Fisher between the hours of 9 p.m. and 8 a.m. in an attempt to collect a debt from him.  Fisher Aff. ¶¶56–67, 70–77, Exhs. P, Q, R, S, U, V.

23.    On October 3, 2024, which is shortly after this action was commenced, MICHAEL HURCKES filed a Notice of Appearance on behalf of MAH ADVISING, PLLC, IRONCLAD LAW, LLC, and himself individually.  *See* DE 9.

24.    On October 29, 2024, November 9, 2024, December 10, 2024, January 17, 2025, January 20, 2025, January 21, 2025, and January 27, 2025 MICHAEL HURCKES, MAH ADVISING, PLLC and IRONCLAD LAW, LLC sent communications to Mr. Fisher attempting to collect a debt from him knowing that Mr. Fisher was represented by an attorney with respect to the debt.  Fisher Aff. ¶¶65–97, Exhs. S, T, U, V, W, X, Y, Z, AA, AB.

25.    MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC sent these communications to Mr. Fisher despite knowing his attorney's contact information. Fisher Aff., Exhs. T, AA, AB (showing Mr. Hurckes communicating with Mr. Fisher's Counsel).

26.    Neither Mr. Fisher nor his counsel have ever consented to Defendants directly communicating with Mr. Fisher.  Fisher Aff. ¶¶100–103.

27.    Since this action was initiated, Mr. Fisher has never initiated any direct communication between himself and MICHAEL HURCKES, MAH ADVISING, PLLC, or IRONCLAD LAW, LLC.  Fisher Aff. ¶100.

28.    Mr. Fisher's counsel has repeatedly instructed MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC to refrain from making any direct

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

contact with Mr. Fisher, but Defendants have continued to make direct contact with Mr. Fisher in defiance of these instructions. Fisher Aff. ¶¶68–69, 101., Exh. T, AA, AB.

29.    MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC's communications sent directly to Mr. Fisher include emails, text messages, phone calls, and voicemails sent directly to Mr. Fisher; most of which did not include his counsel. Fisher Aff. ¶¶65–97, Exhs. S, U, V, W, X, Y, Z.

30.    MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC's communications are calculated to exert pressure on Mr. Fisher to elicit uncounseled payments towards the debt at issue in this litigation and to elicit Mr. Fisher into making uncounseled representations, disclosures and taking other actions which may affect his positions in this matter. Fisher Aff. ¶102, 104.

31.    MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC's are communications meant to convey a sense of urgency, threatening immediate consequences, such as negative credit reporting or the disclosure of confidential information, if Mr. Fisher does not give in to their demands and remit payment. *See, e.g.*, Fisher Aff. ¶¶83, 88, Exh. V.

32.    MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC have threatened to disclose communications and other information protected by attorney-client privilege and confidentiality even after Mr. Fisher's counsel instructed the Defendants' counsel that Mr. Fisher did not consent to this disclosure and had not expressly agreed to waive his right to assert attorney-client privilege. Fisher Aff. ¶¶96–99, Exh. T, AB.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

33.     MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC threatened to disclose communications and other information protected by attorney-client privilege in response to this very motion. Mr. Hurckes stated in an email:

> "Are you filing your PI? I'm looking forward to the mountains of information we're going to disclosure about your client to destroy your likelihood of success."

Fisher Aff. Exh. AB at 10.

34.     MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC's communication have interfered and will continue to interfere with Mr. Fisher's relationship with his attorney for as long as the communications are allowed to continue. Fisher Aff. ¶102, 105.

35.     Within the past thirty (30) days MICHAEL HURCKES, MAH ADVISING, PLLC, and/or IRONCLAD LAW, LLC have placed multiple telephone calls to Mr. Fisher's personal cell phone, left multiple voice-mails, sent Mr. Fisher multiple collections emails, and sent multiple text messages to Mr. Fisher all in an attempt to collect the debt from him and on matters directly related to subject matter of this lawsuit. Mr. Fisher's counsel was not included on any of these communications.  Fisher Aff. ¶¶78–97, Exhs. W, X, Y, Z.

36.     This conduct is likely to continue as Defendants continue to contact Mr. Fisher, including in a communication sent on January 27, 2025 which included a threat to disclose attorney-client privileged information in response to a motion seeking preliminary injunctive relief.

37.     Without an injunction MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC will continue to cause irreparable harm to Mr. Fisher including

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

emotional distress, worry and interference in Mr. Fisher's relationship with his counsel. Fisher Aff. ¶¶88–105.

38.    Without an injunction MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC may also make good on their threats to disclose "mountains of information" protected from disclosure by attorney-client privilege and will otherwise cause further immediate, irreparable injuries to Mr. Fisher.    Fisher Aff. ¶¶96–99, Exhs. T, AB.

## MEMORANDUM OF LAW

This Court should enter a temporary restraining order and a preliminary injunction enjoining MICHAEL HURCKES, MAH ADVISING, PLLC, and IRONCLAD LAW, LLC from 1) communicating directly with Mr. Fisher as long as he remains represented by counsel in this matter; 2) disclosing information and communications protected from disclosure pursuant attorney-client privilege unless the privilege has been expressly waived by Mr. Fisher or the Court rules the privilege has been waived by implication; and 3) from committing further violations of the Florida Consumer Collection Practices Act ("FCCPA") in their attempts to collect debts they allege are owed from Mr. Fisher until there is a final disposition in this case.

> A party seeking a preliminary injunction under Fed. R. Civ. P. 65 must demonstrate four factors: (1) that the movant is substantially likely to succeed on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction might cause the non-moving party; and (4) that the injunction will not be adverse to the public interest. *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services*, LLC, 425 F.3d 964, 968 (11th Cir. 2005). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (cleaned up).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

*Wright v. 15th Dist. Palm Beach Cty. State Atty. Office*, No. 24-cv-81145-Can, 2024 U.S. Dist. LEXIS 222235, at *2-3 (S.D. Fla. Dec. 9, 2024). An injury is "irreparable" only if it cannot be undone through monetary remedies, and the injury is "imminent" when the threat of injury is neither remote nor speculative. *Id.* (citing *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). The FCCPA specifically authorizes a Court to enjoin violations of the FCCPA. Fla. Stat. §559.77(2) ("The court . . . may provide such equitable relief as it deems necessary or property, including enjoining the defendant from further violations of this part.").

## I. There is a Substantial Likelihood that Mr. Fisher Will Succeed on the Mertis of One of More of the FCCPA Claims Asserted against Michael Hurckes, MAH Advising, PLLC and Ironclad Law, LLC

Mr. Fisher will succeed on the FCCPA claims he has asserted against Mr. Hurckes, MAH ADVISING, PLLC and IRONCLAD LAW, LLC that are described in this motion. Being generous, Defendants could dispute the FCCPA violations asserted in the Complaint that require proof of Defendants' knowledge of their wrongdoing might be disputed,[1] but the plethora of FCCPA violations described in this motion are unassailable.

A Plaintiff must prove three elements to prevail on an FCCPA claim: "(1) that defendant falls within the definition of "person" under the FCCPA, (2) that plaintiff was

---

[1] While there is no question Defendants having knowingly undertaken to perform many of the actions complained of in the Complaint, it is possible that Defendants' may claim that they are unaware that their collection activities were illegal. Consequently, this motion focuses only the FCCPA violations which do not require a showing that Defendants' knowingly collected an illegitimate debt or that they asserted the existence of a legal rights they knew did not exist.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

the subject of collection activity concerning a consumer debt, and (3) that defendant engaged in a prohibited practice under the FCCPA. *Harb v. Westlake Servs. LLC*, No. 8:23-cv-864-MSS-TGW, 2024 U.S. Dist. LEXIS 162482, at *38-39 (M.D. Fla. Sep. 10, 2024) (citing *Garrison v. Caliber Home Loans*, Inc., 233 F. Supp. 3d 1282, 1290 (M.D. Fla. 2017)).

### A. Michael Hurckes, MAH Advising, PLLC and Ironclad Law, LLC are "Persons" Under the FCCPA

Unlike the Fair Debt Collection Practices which only applies "debt collectors", the prohibitions described in section 559.72 of Florida Consumer Collection Practices Act apply to "persons".  A "person" includes both individuals and businesses entities as well as creditors and debt collectors. MICHAEL HURCKES, MAH ADVISING, PLLC and IRONCLAD LAW, LLC all fall within this definition.

Section 559.72 contains a list of practices that "persons" may not employ in the course of collecting consumer debts. Fla. Stat. § 559.72 ("In collecting consumer debts, no person shall...") (emphasis added). The prohibited practices are applicable to persons generally, not just collection agencies. *Cook v. Blazer Fin. Servs., Inc.*, 332 So. 2d 677, 679 (Fla. 1st DCA 1976).  Federal courts have uniformly applied the FCCPA to "persons" broadly. *Helman v. Bank of Am.*, 685 Fed. Appx. 723, 727 (11th Cir. 2017). The word "person" also includes business entities.  *Id.* (citing Fla. Stat. § 1.01(3)); *see also Agrelo v. Affinity Mgmt. Servs., LLC*, 841 F.3d 944, 952-53 (11th Cir. 2016) ("Unlike the FDCPA, the FCCPA's proscriptions are not limited to debt collectors"); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 (Fla. 4th DCA 2002) (holding that while General Motors Acceptance Corp. was not a "debt collector" under the FCCPA, it was a "person" and thus required to refrain from the prohibited practices

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

described in Section 559.72).  A '"person" is included within the definition of a "creditor" under the FCCPA. Fla. Stat. § 559.55(6).

Michael Hurckes is an individual. MAH Advising, PLLC is a Florida limited liability company. Ironclad Law, LLC is a New York limited liability company. Each are "persons" under the FCCPA and are prohibited from violating the provisions of     Fla. Stat. § 559.72.

### B. Mr. Fisher Is the Object of Collection Activity Arising from a Consumer Debt

MICHAEL HURCKES, MAH ADVISING, PLLC and IRONCLAD LAW, LLC communicated directly to Mr. Fisher to induce him into paying an alleged debt that he incurred for personal, family and household purposes.  Many of these communications occurred prior to this action, many other violations have occurred after this action was commenced.

As defined under the FCCPA:

> "Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

Fla. Stat. § 559.55(6).  A consumer debt, must involve "some kind of business dealing or other consensual obligation". *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 838 (11th Cir. 2010) (describing a debt under the FDCPA).  "'In determining whether a debt is a consumer debt, it is necessary to look at the transaction as a whole, paying particular attention to the borrower's purpose in obtaining the credit.'" *Nwaizuzu v. Dunlap Gardiner Attys. at Law, LLP*, Civil Action No. 1:17-CV- 3850-ELR-JCF, 2019 U.S. Dist. LEXIS 94328, at *9 (N.D. Ga. Jan. 22, 2019) (quoting *Hepsen v. J.C. Christensen &*

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

*Assocs.*, Case No. 8:07-CV-1935-T-EAJ, 2009 U.S. Dist. LEXIS 92717, at *8-9 (M.D. Fla. Sept. 22, 2009)).

The debt Defendants sought to collect from Mr. Fisher arose out of his agreement to engage MICHAEL HURCKES and MAH ADVISING, PLLC to provide him with personal legal services and to act as his personal attorney.  The initial transaction which gave rise to the debt the Defendants now seek to collect was undeniably a consensual business transaction wherein Mr. Fisher agreed to pay money in exchange for personal legal services and representation from Mr. Hurckes and MAH ADVISING, PLLC.  Mr. Fisher sought counsel from Mr. Hurckes and MAH ADVISING, PLLC on matters related to the preservation and repair his personal reputation, financial reputation, and his personal reputation for honesty and trustworthiness.  Fisher Aff. ¶3.

The debt Defendants sought to collect from Mr. Fisher arose out of this original consensual transaction. Consequently, the evidence submitted with this motion show there is a substantial likelihood that Mr. Fisher will prove that the debt Mr. Hurckes, MAH ADVISING, PLLC and IRONCLAD LAW, LLC are seeking to collect from Mr. Fisher was a "debt" or "consumer debt" as that term is defined under the FCCPA.

### C. Michael Hurckes, MAH Advising, PLLC and Ironclad Law, LLC Engaged in Practices Prohibited Under the FCCPA

The evidence submitted with the motion conclusively shows that Defendants engaged in a number of practices prohibited by the FCCPA both before and after this lawsuit was initiated.  Defendants' sent written communications attempting to collect the debt from Mr. Fisher between the hours of 9 p.m. and 8 a.m. both before and after this action was initiated.  Defendants communicated directly with Mr. Fisher, repeatedly, after they knew Mr. Fisher was represented by an attorney with respect to the debt and

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

knew his attorneys' contact information.  For almost a year, Defendants have engaged in a continuous campaign to collect a debt from Mr. Fisher using threats, misrepresentations, harassment and other willfully abusive conduct which could reasonably be expect to abuse or harass Mr. Fisher.

Among other prohibited practices, in collecting consumer debts the FCCPA proscribes that no person shall:

> (7)   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, **or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family**.
> …
>
> (17)   **Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor**.
> …
>
> (18)   **Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address**, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Fla. Stat. § 559.72 (emphasis added).  The FCCPA broadly defines "Communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Fla. Stat. § 559.5(2). The communications submitted with this motion include emails, telephone calls, text messages and voicemails which show there is a substantial likelihood that Mr. Fisher will prove that Defendants' violated the FCCPA continuously both before and after this action was initiated.

      (i)     *Michael Hurckes, MAH Advising, PLLC and Ironclad Law, LLC Violations of 559.72(17)*

MICHAEL HURCKES, MAH ADVISING, PLLC and IRONCLAD LAW, LLC sent many collection communications to Mr. Fisher late at-night or in the early hours of the morning attempting to collect the debt from him. *See* Fisher Aff. ¶¶21, 33–67, 70–77, Exhs. E, H, I, J, K, L, M, N, O. P, Q, R, S, U, V.  Mr. Fisher has never provided consent to Mr. Hurckes, MAH Advising, PLLC or Ironclad Law, LLC to communicate with him between the hours of 9 p.m. and 8 a.m. *See* Fisher Affidavit ¶103.

      (ii)    *Michael Hurckes, MAH Advising, PLLC and Ironclad Law, LLC Violations of 559.72(18)*

MICHAEL HURCKES, MAH ADVISING, PLLC and IRONCLAD LAW, LLC sent many collection communications to Mr. Fisher after they knew he was represented by counsel with respect to the debt.  *See* Fisher Aff. ¶¶65–97, Exhs. S, T, U, V, W, X, Y, Z, AA, AB.   Mr. Fisher has never initiated contact with Mr. Hurckes, MAH Advising, PLLC or Ironclad Law, LLC since he retained counsel to represent him with respect to the debt. *See* Fisher Affidavit ¶100. Defendants have been repeatedly instructed to refrain from making direct contact with Mr. Fisher. *See* Fisher Affidavit ¶¶99, 101. Exhs. T, AA

      (iii)    *Michael Hurckes, MAH Advising, PLLC and Ironclad Law, LLC Violations of 559.72(7)*

MICHAEL HURCKES, MAH ADVISING, PLLC and IRONCLAD LAW, LLC have engaged in conduct that could reasonably be expected to abuse or harass Mr. Fisher. Defendants sent collection communications to Mr. Fisher's at all hours of the night, *see* Fisher Aff. ¶¶21, 33–67, 70–77, and caused Mr. Fisher to lose sleep and experience additional stress, anxiety and worry had the communication been sent during normal business hours.  *See* Fisher Affidavit ¶¶103–104. Defendants continuously ignored Mr.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Fisher's counsel's instructions to refrain from contacting Mr. Fisher directly and continued to include Mr. Fisher directly email communications. *See* Fisher Affidavit ¶¶68–69, ¶¶91–99. Defendants have threatened to disclose information protected by attorney-client privilege and confidentiality without Mr. Fisher's express consent or express waiver. *See* Fisher Affidavit ¶¶68–69, 96–99, Exh. T, AB

Defendants' communications cause Mr. Fisher to worry he may inadvertently respond to the direct communications in a manner that his counsel would have advised against. *See* Fisher Affidavit ¶102. Within the past month, Defendants have sent Mr. Fisher multiple emails attempting to collect the debt. *See* Fisher Affidavit ¶¶81–82, 84–85. Within the past month, Defendants have sent Mr. Fisher multiple emails and text messages attempting to collect the debt and left Mr. Fisher multiple voicemails[2] requesting that he contact them immediately. Fisher Aff. ¶¶78–97, Exhs. W, X, Y, Z.*See* Fisher Affidavit ¶¶83, 88–89. Defendants even threatened to send Mr. Fisher's counsel collection communications to counsel's personal cell phone. *See* Fisher Affidavit ¶¶93–95, Exh AA.

Some of the Defendants communications threatened to "halt in the handling" of Mr. Fisher's case, giving the false impression that Mr. Hurckes, MAH Advising, PLLC or Ironclad Law, LLC were still Mr. Fisher's attorney or that Defendants could somehow control Mr. Fisher's current counsel's representation of him in this action. *See* Fisher Affidavit ¶¶66–67, 71–72, 74–75, 83–85, 88. All of these communications were sent after Mr. Fisher had terminated Mr. Hurckes and MAH Advising, PLLC's representation,

---

[2] Mr. Fisher has transcribed these voicemails in his affidavit, but the actual voicemail recordings will be offered into evidence at a hearing on this motion if necessary.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

and even Mr. Hurckes and MAH Advising, PLLC had themselves sent Mr. Fisher a Termination Letter on August 16, 2024. *See* Fisher Affidavit ¶¶42–43.  These communications were sent after Defendants knew Mr. Fisher was represented by counsel in this case, *see* Fisher Affidavit ¶66, and even after Mr. Fisher's counsel had instructed them to stop contacting Mr. Fisher. *See* Fisher Affidavit ¶¶68–69.  Each of these actions individually are likely violations of the FCCPA, but when considered alongside one another, they also show a pattern of collection activity that could reasonably be expect to abuse or harass Mr. Fisher.

## II.    Michael Hurckes, MAH Advising, PLLC and Ironclad Law, LLC's Actions Pose An Imminent Threat of Irreparable Injury

Defendants continued actions pose an imminent threat of irreparable injury to Mr. Fisher.  Most notably Defendants have threatened to disclose information protected by attorney-client privilege and confidentiality in response to this motion. Additionally, their continuing direct communication with Mr. Fisher threatens to harm Mr. Fisher's relationship with his current counsel and to undermine the discovery process those their elicitation of uncounseled disclosures directly from Mr. Fisher. Their continuing FCCPA violations also cause Mr. Fisher to lose sleep and cause an increased amount of stress, anxiety and worry which cannot be remedied by money damages alone.

"The disclosure of information protected by the attorney-client privilege is well recognized as irreparable harm." *Coffey-Garcia v. S. Miami Hosp., Inc.*, 194 So. 3d 533, 536 (Fla. 3d DCA 2016) (citing *Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 457 (Fla. 2012)).  Without the express consent from the client, an attorney cannot waive attorney-client privilege. *Akerman Llp v. Cohen*, 352 So. 3d 331, 337 (Fla. 4th DCA 2022); *see* § 90.502(2), Fla. Stat. (2024)

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

("A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."). "Under Florida law, the attorney-client privilege may be waived as to a limited subject matter." *McPartland v. GEICO Gen. Ins. Co.,* No. 6:09-cv-268-Orl-35GJK, 2010 U.S. Dist. LEXIS 148403, at *15-16 (M.D. Fla. Mar. 5, 2010) (citing *Alliant Ins. Servs. v. Riemer Ins. Group*, 22 So. 3d 779, 781 (Fla. 4th DCA 2009). "If the parties disagree as to the scope of the privilege waiver, a trial court must delineate the scope of the waiver before it may compel discovery of information." *Alliant Ins. Servs., Inc.*, 22 So.3d at 781.

Florida courts will enjoin a party's communications when the communications are abusive, unfair or where the communications are incident to some other wrongful conduct. *See Zimmerman v. D.C.A. at Welleby, Inc.*, 505 So. 2d 1371, 1374 (Fla. 4th DCA 1987). Irreparable injuries can be presumed in cases involving wrongful interference with business relationships due to the threatened loss of customers and harm to goodwill. *See Special Purpose Accts. Receivable Co-op Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1105 (S.D. Fla. 2000) (citations omitted); *see also FC Funding LLC v. MCJ Auto Sales of Cent. Fla., Inc.*, No: 6:12-cv-1713, 2012 U.S. Dist. LEXIS 172593, 2012 WL 12883964, at *3 (M.D. Fla. Dec. 5, 2012).

"In representing a client, a lawyer must not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." Fla. Bar Reg. R. 4-4.2. The rule is meant to help "preserve the attorney-client relationship from an opposing attorney's intrusion and interference." *Ballardo v. City of Nat'l City*, No.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

07cv1956 DMS(LSP), 2008 U.S. Dist. LEXIS 130793, at *8 (S.D. Cal. Jan. 28, 2008) (citations omitted).  The rule is an important part of our judicial system and is designed to protect attorney-client relationships.

> This rule contributes to the proper functioning of the legal system by protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship, and the uncounseled disclosure of information relating to the representation.

Fla. Bar Reg. R. 4-4.2, cmt.  The FCCPA expands the prohibition further and expressly prohibits "any person" from communicating with a debtor that it knows is represented by an attorney with respect to a debt, not just lawyers.  *See* Fla. Stat. § 559.72(18).

When prohibited behavior occurs during the course of a judicial proceeding, a debtor's civil FCCPA remedies are more limited due to Florida's long recognized "litigation privilege".  *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.,* 639 So. 2d 606, 608 (Fla. 1994).  The Florida Supreme Court has explained that this does not mean that debtors are left entirely without a remedy, instead the trial court is left to remedy the FCCPA violations through the use of their "contempt power, as well as the disciplinary measures of the state court system and bar association."  *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (citing *Levin*).  "[A] trial judge has the inherent power to do those things necessary to enforce its orders, to conduct its business in a proper manner, and to protection the court from acts obstructing the administration of justice."  *Levin* at 608.  "In particular, a trial court would have the ability to use its contempt powers to vindicate its authority and protect its integrity by imposing a compensatory fine as punishment for contempt."  *Id.*  The Court's exercise of these powers is

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

paramount to ensuring that Defendants do not violate the FCCPA during the course of a judicial proceeding.

And the exercise of these contempt powers cannot come soon enough. Defendants still have not filed certificates of interested persons or corporate disclosure statements, Defendants filed an out-of-time motion for extension of time to serve their initial disclosure and then still failed to comply with the extended deadline. Most recently, Defendants have simply ignored the Court's order to show cause. *See* DE 44. Defendants contumacious disregard of this Court's orders is palpable.

As explained *supra*, Defendants have repeatedly and continuously communicated with Mr. Fisher and engaged in other willfully abusive conduct targeted towards him while attempting to collect a debt from him. This conduct includes interference with Mr. Fisher's relationship with his attorney and attempts to elicit uncounseled payments and disclosures of information from Mr. Fisher. Defendants have demonstrated a continued willingness to engage in this prohibited conduct, and they have also directly threatened to expose "mountains of information" about Mr. Fisher protected by attorney-client privilege in response to this motion. Defendants conduct and statements demonstrates an immediate threat to cause Mr. Fisher irreparable injuries more than monetary damages would be able to address. Enjoining the Defendants is necessary to prevent these injuries.

Defendants were put on notice that Mr. Fisher would be seeking a preliminary injunction to enjoin them from further direct contact with him and from future violations of the FCCPA prior to this motion being filed. *See* Fisher Aff., Exh. AA. Defendants' response to this notice was to communicate directly with Mr. Fisher again and then to

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

threaten the exposure of "mountains" of information which is likely protected from disclosure by protected attorney-client privilege, *see* Fisher Aff., Exh AB at 10 ("Are you filing your PI? I'm looking forward to the mountains of information we're going to disclose about your client to destroy your likelihood of success."). This latest threat, is what makes the temporary injunctive relief necessary and is also what makes giving Defendants notice and an opportunity to the Motion prior to the issuance of the injunction impractical. Defendants have threatened to reveal attorney-client privileged communications and information in their response to this very Motion, and it is Defendants' unrestrained response that will cause Mr. Fisher irreparable harm.[3]

### III.   The Injuries Michael Hurckes, MAH Advising, PLLC and Ironclad Law, LLC Will Cause Substantially Outweigh any Harm that Could be Cause by the Injunction

Defendants will not be harmed by the requested injunction, and therefore no security is necessary. Even in the absence of an injunction, Defendants do not have a legal right to do anything the proposed injunction would prohibit. Defendants also will also not be able to demonstrate any costs or damages they will sustain from the proposed injunction. Whether Plaintiff wins or loses this case, Defendants still should

---

[3] Mr. Hurckes has not identified any specific communications or information included within the "mountains of information" he intends to disclose about Mr. Fisher to "destroy [Mr. Fisher's] likelihood of success". This information should have been contained within Defendants' Rule 26(a)(1) Initial Disclosures, but Defendants still have not served these disclosures even after multiple Court orders requiring them to do so. *See* [DE 44]. Should the parties disagree over the scope of a privilege waiver, the Court is tasked with determining the scope of any waiver. *See Alliant Ins. Servs., Inc.*, 22 So.3d at 781. However, rather than recognize this orderly, judicially managed process, Defendants assert there has been a blanket-waiver of attorney-client privilege, *see* Affidavit of Simon Fisher, Exh. T, and appear intent on weaponizing the disclosure and threatened disclosure of privilege information for their illegitimate purposes, *see* Affidavit of Simon Fisher, Exh. AB.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

not be contacting Mr. Fisher for as long as they know he is represented by counsel. Whether Plaintiff wins or loses this case, Defendants cannot unilaterally determine that their former client has blanketly waived his right to assert attorney-client privilege and publicly disclose this information.

The Eleventh Circuit has held that although a bond must be posted before a court may issue a preliminary injunction it is well-established that the amount of security required by the rule is a matter within the discretion of the trial court and the court may elect to require no security at all. *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., Ltd. Liab. Co.*, 425 F.3d 964, 971 (11th Cir. 2005) (citations and quotations omitted). Where a Court finds Plaintiff has a high probability of success on the merits of the claims, or where the party enjoined cannot submit evidence of the damages it might incur as a result of the injunction, no bond is required. *Tancogne v. Tomjai Enters. Corp.*, 408 F. Supp. 2d 1237, 1252 (S.D. Fla. 2005) (collecting cases).

Mr. Fisher requests an order which enjoins Defendants 1) from disclosing communications and information protected by attorney-client privilege unless expressly waived by Mr. Fisher or upon further order of the Cour permitting the disclosure; 2) from making direct contact with Mr. Fisher for as long as he remains represented by counsel; and 3) from violating the Florida Consumer Collection Practices Act during the course of these pending judicial proceedings. The evidence shows Plaintiff has a high likelihood of succeeding on his FCCPA claims, and these actions are already prohibited by law. Consequently, an injunction will not cause Defendants incur any additional costs or damages.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## IV.    The Injunction is Not Adverse to Public Interest; Instead it Promotes Public Interest

Finally, the proposed injunction serves the public interest.  The public interest is served through the proposed injunction as it will promote the preservation of attorney-client relationships, the protection of information privileged from disclosure by attorney-client privilege, and the prevention of unfair and abusive consumer collection practices.

Both the FDCPA and the FCCPA were passed to eliminate abusive debt collection practices and to protect consumers from debt collection abuses. 15 U.S.C. 1692(e) and *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla. 1976) (stating that the FCCPA is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations.").

"The purpose of the attorney-client privilege is to 'encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *Worley v. Cent. Fla. YMCA*, 228 So. 3d 18, 25 (Fla. 2017) (quoting *Am. Tobacco Co. v. State*, 697 So. 2d 1249, 1252 (Fla. 4th DCA 1997) (internal quotation and citation omitted)).  It is an interest traditionally deemed worthy of maximum legal protection. *Id.*  The rule prohibiting lawyers from communicating with a persons they know are represented is an important part of our judicial system and is designed to protect attorney-client relationships.

> This rule contributes to the proper functioning of the legal system by protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

lawyer relationship, and the uncounseled disclosure of information relating to the representation.

Fla. Bar Reg. R. 4-4.2, cmt.

Enjoining MAH ADVISING, PLLC, IRONCLAD CLAW, LLC, and MICHAEL HURCKES from disclosing information protected by attorney-client privilege, from further violations of the FCCPA, and from making any further direct contact with Mr. Fisher during this case serves all of these strong public interests.

## CONCLUSION

Plaintiff SIMON FISHER, respectfully requests that this Court enter a temporary restraining order and preliminary injunction which enjoining MAH ADVISING, PLLC, IRONCLAD CLAW, LLC, and MICHAEL HURCKES from 1) communicating directly with Mr. Fisher as long as he remains represented by counsel in this matter; 2) disclosing information and communications protected from disclosure pursuant attorney-client privilege unless the privilege has been expressly waived by Mr. Fisher or the Court orders attorney-client privilege has been waived by implication; and 3) from committing further violations of the Florida Consumer Collection Practices Act ("FCCPA") in their attempts to collect debts they allege are owed from Mr. Fisher during the course of these judicial proceedings until there is a final disposition in this case.

Dated: February 13, 2025                    Respectfully Submitted,

                                            /s/  Gregory Light
                                            **GREGORY LIGHT, ESQ.**
                                            Florida Bar No.: 120907
                                            LIGHT & GONZALEZ, PLLC
                                            8751 W. Broward Blvd., #206
                                            Plantation, FL 33324
                                            Telephone:   754-900-6545
                                            Email: greg@lightgonzalezlaw.com
                                            *Lead Counsel for Plaintiff*

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

**<u>VERIFIED EXPLANATION OF THE AMOUNT AND FORM OF SECURITY REQUIRED</u>**

Pursuant to Middle District of Florida Local Rule 6.01(a)(4) the Counsel provides the following verified explanation of the amount and form of security required. Upon information and belief, Defendants will not sustain any costs or damages through the imposition of the injunction, even if the injunction is ultimately found wrongful. Accordingly, the Court should exercise its discretion and not require Mr. Fisher to post security to obtain the injunctive relief requested. Furthermore, providing Defendants notice and an opportunity to respond the motion prior to the issuance of the temporary restraining order is impractical due to Defendants' threats to disclose attorney-client privileged information in their response to a motion seeking preliminary injunctive relief. This motion makes that response imminent, and Defendants' unrestrained disclosure of privileged information in their response will cause irreparable harm.

Under penalties of perjury, I declare that I have read the foregoing verification and that the facts stated in it are true to the best of my knowledge and belief.

/s/ Gregory Light
**GREGORY LIGHT, ESQ.**
Florida Bar No.: 120907

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 13th day of February 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

/s/ Gregory Light
**GREGORY LIGHT, ESQ.**
Florida Bar No.: 120907
*Lead Counsel for Plaintiff*

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com