**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SIMON FISHER,

        Plaintiff,

v.	Case No.: 6:24-cv-1766-WWB-UAM

MAH ADVISING, PLLC, IRONCLAD
LAW, LLC, IC SYSTEM, INC., and
MICHAEL HURCKES,

        Defendants.
_____/

## ORDER

    THIS CAUSE is before the Court on Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 45). Therein, Plaintiff seeks a temporary restraining order, to be converted into a preliminary injunction upon notice and hearing, to enjoin Defendants from violating the Florida Consumer Collection Practices Act, Fla. Stat. § 559.551, directly communicating with Plaintiff while represented by counsel in this matter, and disclosing communications protected by the attorney-client privilege. (*Id.* at 9, 24).

    Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the

harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Additionally, the moving party must present facts and evidence stating why "notice is impractical." M.D. Fla. R. 6.01(b)(2).

As an initial matter, the Motion and proposed Temporary Restraining Order (Doc. 45-3) constitute requests for impermissible follow-the-law injunctions. *See Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) ("It is well-established in this circuit that an injunction demanding that a party do nothing more specific than 'obey the law' is impermissible."); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding that an injunction that only seeks to instruct the defendant to "obey the law" is improper). "Broad, non-specific language that merely enjoins a party to obey the law or comply with an agreement . . . does not give the restrained party fair notice of what conduct will risk contempt." *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (quotation omitted). "An injunction must therefore contain an operative command capable of enforcement." *Id.* (quotation omitted). Here, Plaintiff's request and proposed order fail to provide any specific information, communications, or actions that Plaintiff seeks to enjoin. Instead, Plaintiff seeks an injunction preventing Defendants from violating legal and ethical obligations that already exist and bind Defendants. On this basis alone, the Motion can be denied.

With respect to attorney-client privileged communications, Plaintiff's Motion relies on the rule for the privilege under Florida law. (Doc. 45 at 17–20). However, "[i]n nondiversity jurisdiction civil cases, federal privilege law will generally apply. In those situations where a federal court adopts or incorporates state law to fill interstices or

2

gaps in federal statutory phrases, the court generally will apply federal privilege law." Fed. R. Evid. 501 advisory committee's note to 1974 enactment. Plaintiff's claims invoke federal question jurisdiction, (Doc. 1, ¶ 14), and, therefore, this case is governed by federal privilege law.

"The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003) (quoting *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991)). Here, Plaintiff admits that no specific communication or information has been identified to allow the Court to determine whether the communication is privileged. (Doc. 45 at 21 n.3). As such, the Court cannot undertake the analysis required to determine if Plaintiff is entitled to relief on the basis of attorney-client privilege. Furthermore, Plaintiff only provides a conclusory assertion that "it is Defendant's unrestrained response that will cause [Plaintiff] irreparable harm." (Doc. 45 at 21). Without knowing that the communications are in fact privileged,—which the Court absolutely cannot determine from the Motion— the Court cannot determine that the disclosure of such information would cause irreparable harm. Simply responding to a motion for relief in and of itself does not merit injunctive relief. *See United States v. Halifax Hosp. Med. Ctr.*, No. 6:09-cv-1002-Orl, 2012 WL 12918272, at *1 (M.D. Fla. Jan. 10, 2012) (denying the defendants' motion for preliminary injunction to prevent the plaintiff from relying on communications protected by attorney-client privilege following in camera review where, even if some of the documents were privileged, the plaintiff failed to demonstrate future irreparable harm).

3

Finally, with respect to Plaintiff's request that the Court enjoin Defendants from directly communicating with him, Plaintiff's Motion falls short of showing the *immediate* irreparable harm required by Rule 65(b) and fails to provide any reason that notice and an opportunity to respond should be denied to Defendants. "An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution." *Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, J., concurring). Plaintiff argues this communication "threatens to harm [Plaintiff's] relationship with his current counsel and to undermine the discovery process," and provides examples of how state courts are empowered to address those cases. (Doc. 45 at 17–21). However, Plaintiff fails to provide the Court with any legal authority to show this satisfies the requirements for ex parte relief here. *See Am. Residential Servs., LLC v. Kennon Heating & Air Conditioning, Inc.*, No. 1:23-CV-02061, 2023 WL 4401616, at *2 (N.D. Ga. May 10, 2023). Thus, it is not clear that notice and an opportunity to be heard should be denied to Defendants as to this issue.

For the reasons set forth herein, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 45) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 18, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record