**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SIMON FISHER, individually, and on
behalf of all others similarly situated,

       Case No.: 6:24-cv-1766

       Plaintiff,

       JURY TRIAL DEMANDED

vs.

I.C. SYSTEM, INC.; MAH ADVISING,
PLLC;  MICHAEL  HURCKES;  and
IRONCLAD LAW, LLC

       Defendants.

_____/

## MOTION FOR SANCTIONS AGAINST MAH ADVISING, PLLC, IRONCLAD LAW, LLC AND MICHAEL HURCKES

Plaintiff, SIMON FISHER ("Plaintiff" or "Mr. Fisher"), by and through undersigned counsel, pursuant to this Court's Orders further described below, Fed. R. Civ. P. 4(d)(2), Fed. R. Civ. P. 11(c), Fed. R. Civ. P. 37(a)(5), 28 U.S.C. § 1927, and this Court's inherent power, files this Motion for Sanctions against Defendants MAH Advising, PLLC, Ironclad Law, LLC, and Michael Hurckes (*collectively hereinafter* "Defendants") and requests that this Court sanction Defendants through the entry of a default or alternatively to award monetary sanctions in an amount adequate to compensate Plaintiff for the excess costs, expenses, and attorneys' fees reasonably incurred as a result of Defendants' conduct and in such an additional amount sufficient to deter Defendants and others similarly situated from the contumacious disregard of this Court's orders and other contemptuous conduct that Defendants have displayed throughout this case.  In support of this motion, the Plaintiff states as follows:

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## FACTS

1.  Defendants' misconduct is now well-known to many, as their notoriety has continued to grow since this action was initiated in September of 2024.

2.  On June 27, 2025, when this Court entered one of its orders requiring Defendants to show cause why sanctions should not be imposed against them, it detailed much of relevant procedural and factual history on what had transpired through the day that Order was entered. *See* D70 pp. 3–5 (listing eleven items for which Defendants were originally ordered to show cause); pp. 29–42 (referring Hurckes to the grievance committee and describing Hurckes' alleged misconduct throughout this case).

3.  As described in that Order, up through June 27, 2025, Defendants' 'misconduct and/or alleged misconduct included: 1) filing papers purportedly signed by an attorney without her knowledge and permission; 2) refusing to waive service of process without apparent good cause; 3) violating the case management and scheduling order; 4) violating D44  by failing to take the three actions required by that Order necessitating a show cause hearing; 5) violating D54 by failing to file completed and signed disclosure statements; 6) violating D54 by omitting factual representations made at the February 26, 2025 show cause hearing from its March 9, 2025 declaration; 7) making misrepresentations  to the Court regarding being on family and medical leave in January and February of 2025, but failing to disclose that his continued to practice law during this time; 8) making misrepresentations regarding his need for an extension of time; 9) making misrepresentations to explain his failure to timely serve initial disclosures; 10) making misrepresentations in a declaration that Hurckes was withdrawing from all cases in which is was counsel of record, and failing to transition

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

this case to a lawyer admitted to practice in this Court; and 11) consistently violating rules and the district judge's standing order.  *See* D70 pp. 3–5.

4.       From the action's conception, Defendants' conduct has caused protracted delays and forced Plaintiff to incur unnecessary costs and expenses, including attorneys' fees, to bring this matter to a resolution.

5.       Consequently, the Court ordered Defendants to show cause by July 25, 2025, "why sanctions, including default, should not be imposed against them under Fed. R. Civ. P. 4(d)(2), Fed. R. Civ. P. 11(c), Fed. R. Civ. P. 37(a)(5), 28 U.S.C. § 1927, the Court's inherent power, or a combination of those authorities". *See* D70 p. 2.

6.       On July 25, 2025, without a good-faith conferral with Plaintiff's counsel with respect to the motion,[1] Defendants' counsel filed a Motion for Extension of Time to File Response Under Seal.  The extension was sought, ostensibly, to allow for the submission of a voluminous and complex set of materials in support of their response that needed to be filed under seal.  *See* D70, ¶¶1-3, 5.

7.       On July 30, 2025, this Court granted Defendants' request for an extension, but as to Defendants' request to file their response under seal the motion was denied without prejudice due to their failure to comply with Local Rule 1.11. *See* D73.

8.       On August 4, 2025, Defendants filed their Response to the Court's June 27, 2025 order to show cause which contained "redactions"[2] and included reference to

---

[1] As explained in Plaintiff's response to the motion, D72, an unknown person from Ironclad Law first contacted Plaintiffs' counsel via email on July 25, 2025 at 8:39 a.m. and filed the motion just two hours later in violation of Local Rule 3.01(g).  This "conferral" would also have violated the Court's Case Management and Scheduling Order [D36] had that order not been vacated as part of the order to show cause.

[2] Defendants' "redactions" do not appear to have consistently removed the information from the documents that were filed, and Defendants' other redaction appear to remove

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

exhibits which were also heavily redacted.  *See* D74; *see also*, *e.g.* D74-4; D74-5; D74-6; D74-10; D74-12; D74-15.

9.    The next day Defendants filed a motion to file their Response to D70 under seal, *see* D75, but on August 13, 2025, this Court denied the motion without prejudice due to Defendants failure to comply with Local Rule 3.01(g)(3).  The Court kept the Response under seal to provide Defendants an opportunity to comply the Local Rule.  D77.

10.    On November 5, 2026, over two months after D75 had been denied without prejudice, the Court ordered the clerk to strike Defendants' sealed response.  In that order, the Court ordered that Defendants would have until November 13, 2026 to file a renewed motion for leave to file under seal that complied with MDFL Local Rules. The Court warned Defendants that if they failed to file the motion, the Court would only consider their redacted Response (D70) when addressing sanctions.  D78.

11.    Approximately one month prior to the entry of D78, the Supreme Court of Florida entered an order approving the a Petition for Emergency Suspension filed by the Florida Bar, which had suspended Defendant Hurckes from the practice of law. *See* D79-1 ("Order of Emergency Suspension").  The Order of Emergency Suspension required that Defendant Hurckes, among other things, to immediately provide a copy the order to all courts where he had appeared as counsel of record and all opposing counsel.  The Order of Emergency Suspension also required Defendant Hurckes to

---

information that has no legally cognizable purpose for being redacted.  *See, e.g.* D74-5, D74-6, and D74-12 (redacting names and/or emails addresses of internal firm communications).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

cease practicing law, withdraw from representation of all clients, and to wind down all pending within thirty (30) days. *See* D79-1.

12.    Defendant Hurckes never served the Order of Emergency Suspension on Plaintiffs' counsel, and Plaintiff's counsel had become aware of the Emergency Suspension Order independently.   Thus, upon review of the Court's order giving Defendants a deadline to file a renewed motion, Plaintiff's counsel became concerned that Court had also not been served with the Order of Emergency Suspension or otherwise notified that Michael Hurckes was no longer eligible to practice law in Florida, and that neither of MAH Advising, PLLC or Ironclad Law, LLC's counsel of record were eligible to practice law in the Middle District.[3]   Plaintiff then filed his response to this effect with the Court. *See* D79.

13.    On January 6, 2026, the Court set an in-person status conference for January 14, 2026 to address a number of different matters including 1) Michael Hurckes's suspension from the practice of law in Florida; 2) Ashanti M. Palmer's status as counsel of record; 3) whether sanctions are due to be granted pursuant to the Court's Order to Show Cause, in consideration of Michael Hurckes's Response thereto, and Defendants' failure to comply with Judge Barksdale's instructions; and 4) the status of Plaintiff's claims. *See* D82.

---

[3] Defendant Michael Hurckes originally appeared as counsel of record and lead counsel for himself as well as Ironclad Law, LLC and MAH Advising, PLLC.  Attorney Ashanti Palmer, Esq. filed an appearance on behalf of Ironclad Law, LLC and MAH Advising, PLLC, D-55, but was never admitted to practice in the Middle District and resigned from Ironclad Law, LLC on April 1, 2025. *See* D64-4.  Although Defendants notified the Court that Ms. Palmer was no longer representing Defendants in this action in their July 25, 2025 Motion for Extension of Time, *see* D71, new counsel was never substituted into this action and an order permitting Ms. Palmer to withdraw was not entered until she made an unopposed, ore tenus motion at status conference held on January 14, 2026. *See* D92.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

14.    Plaintiff's counsel attended the January 14, 2026 status conference in-person, while Hurckes, Ms. Palmer, and counsel for I.C. Systems, Inc. attended telephonically. D91.  During the conference, Ms. Palmer made an ore tenus, unopposed motion to permit her to withdraw as counsel of record for Ironclad Law, LLC and MAH Advising, PLLC which the Court granted. D92.

15.    The Court also ordered that on or before January 21, 2026, Hurckes was required to 1) file a copy of the Order of Emergency Suspension on the docket and to move to withdraw from this case; 2) to provide updated contact information (physical addresses and email addresses) for himself, MAH Advising, PLLC, and Ironclad Law, LLC; and 3) to indicate whether he consents to email service of process. D93. [4]

16.    Defendants did not comply with the Court's January 21, 2026 order; nothing was filed.

17.    On January 27, 2026 the Court ordered that Defendant Hurckes show cause within twenty-one (21) days why sanctions should not be imposed against him for failure to comply with the Court's instructions at the January 14, 2026 status conference. D94.

18.    Defendants did not file written response or otherwise attempt to show cause in response to D94.

19.    On March 6, 2026, because Defendant Hurckes was no longer eligible to practice law in Florida the Court terminated his representation of MAH Advising, PLLC and Ironclad Law, LLC.  D96. The Court also ordered that Defendants MAH Advising,

---

[4] At the status conference, the Court also indicated that Defendants MAH Advising, PLLC and Ironclad Law, LLC would be given thirty (30) days to obtain new counsel after their current counsel (Ms. Palmer and Mr. Hurckes) had withdrawn, and that Plaintiff could move for sanctions or for the entry of whatever other relief believed to be warranted.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

PLLC and Ironclad Law, LLC would have until April 1, 2026 to obtain new counsel, and that if Plaintiff intends to seek sanctions against Defendants he should file his motion on or before this date. D96.

20.    New counsel has not appeared on behalf of MAH Advising, PLLC or Ironclad Law, LLC since Hurckes' representation was terminated on March 6, 2026, nor has an attorney made contact with Plaintiff's counsel to indicate that their appearance was forthcoming.

21.    Due to Defendants repeated and continuing contumacious, contemptuous, abusive and vexatious conduct in this case, Plaintiff requests that this Court enter a default against them and/or that they be sanctioned jointly and severally in an amount necessary to compensate Plaintiff and his counsel for the costs and expenses incurred as a result of their conduct and for such additional amount as would be necessary to deter Defendants and others similarly situated from engaging in similar conduct in the future.

## MEMORANDUM OF LAW

The above described conduct merits consideration of sanctions under a number of different rules, already cited by the Court in its June 2025 Order to show Cause. Sanctions should be entered against Defendants under any and all of the following standards described below:

A. *Sanctions Pursuant to Fed. R. Civ. P. 4(d)(2)*:

Rule 4(d)(2)(B) allows an award of attorney's fees incurred in connection with "any motion required to collect th[e] service expenses [specified in Rule 4(d)(2)(A)]." Fed. R. Civ. P. 4(d)(2)(B); *see also SPE GO Holdings, Inc. v. Anzo*, No. 2:10-CV-00215-WCO, 2012 U.S. Dist. LEXIS 203923, 2012 WL 13018386, at *8 (N.D. Ga. Mar. 30, 2012) (holding that the plaintiff "cannot recover attorney's fees incurred effecting service on

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

defendant" but "is permitted . . . to recover the reasonable expenses, including attorney's fees of any motion required to collect its service expenses.") (citing Fed. R. Civ. P. 4(d)(2)(B)). Although attorney's fees in connection with this motion fall under Rule 4(d)(2)(B), they must still be reasonable. A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). When a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

*Rohde v. HKM Pinellas LLC*, No. 8:23-cv-829-WFJ-AAS, 2023 U.S. Dist. LEXIS 192086, at *3 (M.D. Fla. Oct. 26, 2023).

B.  *Sanctions Pursuant to Rule 11(c):*

"Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "Rule 11 authorizes the district court to sanction a party who files a pleading containing a false factual representation if that party knew of, or did not reasonably inquire into, the falsehood." Mitchell v. Nobles, 873 F.3d 869, 875 (11th Cir. 2017) (citing Fed. R. Civ. P. 11(b), (c)(1)). Sanctions apply not only to affirmative falsehoods, [*3]  but also to the denial of factual contentions without a reasonable basis. Fed. R. Civ. P. 11(b)(4), (c). Likewise, a district court may grant sanctions when a party files a pleading "based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

"The standard for testing conduct under amended Rule 11 is reasonableness under the circumstances." In re Off. of Ala. Att'y Gen., No. 21-13514, 2023 U.S. App. LEXIS 432, 2023 WL 129438, at *3 (11th Cir. Jan. 9, 2023) (per curiam) (quoting United States v. Milam, 855 F.2d 739, 743 (11th Cir. 1988)). Courts conduct a "two-step inquiry" that asks whether a claim is objectively frivolous and without basis and whether the person who signed the pleadings should have known. Id. The fact that a motion makes some nonfrivolous arguments does not bar sanctions "for putting [an] opponent to the expense of opposing a frivolous claim (or defense)." Reliable Salvage & Towing, Inc. v. Bivona, 476 F. App'x 852, 854 (11th Cir. 2012) (per curiam) (quoting Reed v. The Great Lakes Companies, Inc., 330 F.3d 931, 936 (7th Cir. 2003)).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

"[T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Monetary sanctions under Rule 11(b)(2) for frivolous legal claims must be imposed on an attorney, not the represented party, and ordinarily a law firm is "held jointly responsible for a violation committed by its partner." Id. 11(c)(4), (5). When a sanction is "imposed on motion and warranted for effective deterrence," a court may order "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Id. 11(c)(4). The sanction "must be limited to what suffices to deter repetition of the conduct." Id.

*Accelerant Specialty Ins. Co. v. Small*, No. 8:25-cv-425-KKM-AAS, 2026 U.S. Dist. LEXIS 1072, at *2-4 (M.D. Fla. Jan. 6, 2026).

C. *Sanctions pursuant to Fed. R. Civ. P. 37(a)(5):*

When the requested discovery is provided only after a motion to compel is filed, the court must order "the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5); Kepro Acquisitions Inc. v. Analytics Holdings, LLC, No. 3:19-CV-00842-SRW, 2021 U.S. Dist. LEXIS 253669, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

No doubt Rule 37(a)(5) applies here. Plaintiffs are answering the discovery only after the motion to compel. Thus, "an award of attorneys fees and expenses is mandated." Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

*Mulas v. Westchester Surplus Lines Ins. Co.*, No. 2:24-cv-00534-SPC-KCD, 2025 LX 54504, at *4 (M.D. Fla. May 7, 2025).

D. *Sanctions Pursuant to 28 U.S.C. § 1927:*

Section 1927 allows the district court to sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." **28** "To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Schwartz*, 341 F.3d at 1225.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

"We have consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). An attorney's conduct is tantamount to bad faith when the attorney "knowingly or recklessly pursue[s] a frivolous claim or needlessly obstruct[s] the litigation of a non-frivolous claim." *Id.* Negligent conduct alone is not enough. [*10] *Id.* at 1241-42. And "something more than a lack of merit is required." *Schwartz*, 341 F.3d at 1225. But "§ 1927 does not require a malicious intent or a bad purpose." *Amlong*, 500 F.3d at 1240.

*O'Neal v. Am. Shaman Franchise Sys., Inc*., No. 25-10406, 2026 LX 33348, at *9 (11th Cir. Feb. 19, 2026).

### E. Sanction Pursuant to the Court's Inherent Power

Courts have the inherent power to police those appearing before them. Chambers v. NASCO, Inc., 501 U.S. 32, 46, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991). A court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 43, 111 S. Ct. at 2132 (citing Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962)). This power "must be exercised with restraint and discretion" and used "to fashion an appropriate sanction for conduct which abuses the judicial process." Id. at 44-45, 111 S. Ct. at 2132-33. A court may exercise this power "to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Marx v. Gen. Revenue Corp., 568 U.S. 371, 381, 133 S. Ct. 1166, 1175, 185 L. Ed. 2d 242 (2013) (citing Chambers, 501 U.S. at 45-46, 111 S. Ct. at 2133-34). The dual purpose of this power is to vindicate judicial authority without resorting to a contempt of court sanction and to make the prevailing party whole. See Chambers, 501 U.S. at 46, 111 S. Ct. at 2133. The key to unlocking a court's inherent power is a finding of bad faith. See Sciarretta, 778 F.3d at 1212.

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224 (11th Cir. 2017).

The a court's inherent power is governed by a subjective standard. *Id.*

Page 10 of 11

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

WHEREFORE Plaintiff SIMON FISHER, respectfully requests that this Court sanction Defendants for their repeated and continuing contumacious, contemptuous, abusive and vexatious conduct in this case, enter a default against them and/or that they be sanctioned jointly and severally in an amount necessary to compensate Plaintiff and his counsel for the costs and expenses incurred as a result of their conduct and for such additional amount as would be necessary to deter Defendants and others similarly situated from engaging in similar conduct in the future.

Dated: April 1, 2026                    Respectfully Submitted,

                                        /s/  Gregory Light_____
                                        **GREGORY LIGHT, ESQ.**
                                        Florida Bar No.: 120907
                                        LIGHT & GONZALEZ, PLLC
                                        8751 W. Broward Blvd., #206
                                        Plantation, FL 33324
                                        Telephone:   754-900-6545
                                        Email: greg@lightgonzalezlaw.com;
                                        service@lightgonzalezlaw.com
                                        *Lead Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1th day of April 2026, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

                                        /s/  Gregory Light_____
                                        **GREGORY LIGHT, ESQ.**
                                        Florida Bar No.: 120907
                                        *Lead Counsel for Plaintiff*

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 206, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com